Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com
NO FAX

Note Changes Made by
the Court

JS-6

2013 DEC 12 AM 11:07 LODGED

JAN 1 3 2014
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Deon Thomas )
*Plaintiff* )
)
V. )
) Case No: CV13-01325 JFW (SPx)
)
Union Adjustment Company, Inc. ) [PROPOSED] FINAL ORDER AND
*Defendant* ) JUDGMENT
)
) Honorable Judge: John F. Walter
)

IT IS HEREBY OREDERED, ADJUGED and DECREED

THIS MATTER is before the Court on Plaintiff's Deon Thomas (Plaintiff) Request for Judgment against Defendant Union Adjustment Company (Defendant), Inc. This Court has considered Plaintiff's Request for Default Judgment and accompanying declarations, papers and exhibits thereto, and the entire records in this matter and hereby finds as follows:

A.  Plaintiff filed this action on July 30, 2013 [Doc. #1]. Union was timely served by Plaintiff with the summons and complaint by substitute service on August 6, 2013,

document filed on August 16, 2013 [Doc. # 8]. Plaintiff filed an initial Request for Clerks Entry of Default on September 13, 2013 [Doc. # 9]. Clerk of the Court entered a Notice of Deficiency, due to incorrect case number, on September 18, 2013 [Doc. # 10]. Plaintiff resubmitted a Request for Clerks Entry of Default on September 20, 2013 [Doc. # 11]. Clerk of the Court entered a Notice of Deficiency, due to Proof of Service, lacking required information, on September 27, 2013 [Doc. # 12]. Plaintiff corrected errors and resubmitted a Proof of Service of Summons and Complaint and Request for Clerks Entry of Default on October 4, 2013 [Doc. #'s 13 & 14]. A Clerk's Default Order was entered On October 7, 2013, pursuant to Plaintiff's request against Defendant Union [Doc. # 17]. Defendants have filed no answer or responsive pleadings, made no appearances in this case, and have not otherwise attempted to contact Plaintiff to resolve the matter.

B.   On November 19, 2013, Plaintiff moved for default judgment against Defendant, pursuant to Fed. R. Civ. P. 55(b) as to Plaintiff's causes of action for Count I and II, Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. § 1681 *et seq.*; Count III, Fair Debt Collection Practices Act ("hereinafter FDCPA") 15 U.S.C. § 1692, et seq.; Count IV, Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788, et seq. (hereinafter "ROSENTHAL); and Count V, Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227, et seq.

C.   Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found that this matter is appropriate for decision without oral argument. After considering the moving papers and arguments therein, the Court ruled On December 11, 2013, an ORDERED GRANTING Plaintiff's Motion for Default.

D. Plaintiff has pled a cause of action for violations of the FCRA in its Count I, which entitles it to statutory damages of $1000.00, for each time Union made an impermissible pull of Plaintiff's credit report from Experian, TransUnion and Equifax, for a total of $3000.00, Three (3) *($1,000.00+$1,000.00+$1,000.00), which Plaintiff requested this Court to enter judgment for statutory damages.

E. Plaintiff has pled a cause of action for violations of the FCRA in its Count II, which entitles it to statutory damages of $1000.00, for each distinct time/month as a direct result of Union failure to conduct a reasonable reinvestigation, and has continuously reported information month after month, which it know or should have known to be false and inaccurate to the credit reporting agencies Experian and Equifax for a period of 15 months in each report, total of $30,000.00.

F. Plaintiff has pled a cause of action for violations of the FDCPA in its Count III, which entitles it to statutory damages of $1000.00 for which Plaintiff requested this Court to enter judgment of $1000.00 for each distinct violation, which Plaintiff requested this Court to enter judgment for statutory damages.

G. Plaintiff has pled a cause of action for violations of the Rosenthal in its Count IV, which entitles it to statutory damages of $1000.00 for which Plaintiff requested this Court to enter judgment of $1000.00 for each distinct violation, which Plaintiff request this Court to enter judgment for statutory damages.

H. Plaintiff has pled a cause of action for violations of the TCPA in its Count V, which entitles it to statutory damages of $500.00 for each call, for the first call and up to $1,500.00 each, for each willful telephone call made thereafter to Plaintiff's phone, which Plaintiff request this Court to enter judgment of $5000.00 for each distinct call Ten (10). Plaintiff

requested this Court to enter judgment for $1,500.00 per call at Ten (10) call, total at $15.000.00 for statutory damages.

I. $835 in reasonable cost.

J. The Court further order, as just and appropriate and award the following:

1. Pursuant to FCRA 15 U.S.C. 1681n, Plaintiff in its Count I: $3000.00
2. Pursuant to FCRA 15 U.S.C. 1681n and 15 U.S.C. § 1681s-2(b), Plaintiff in its Count II: $30,000.00
3. Pursuant to FDCPA 15 U.S.C. § 1692k, Plaintiff in its Count III: $1000.00
4. Pursuant to California Rosenthal Debt Collection Practices Act, Cal. Civil Code § 1788.30(b), Plaintiff in its Count IV: $1000.00
5. Pursuant to TCPA § 47 U.S.C. §227 (b)(3), Plaintiff in its Count V: ~~$15,000.00~~ $5,000.00
6. Plaintiff is awarded in reasonable cost: $835.00

K. Post-judgment simple interest at the rate of ten percent (10%) per annum on the total judgment which consist of items 1-5 from the date of judgment is entered until fully paid. Interest is compounded annually.

L. The Clerk is directed to enter this Final Order and Judgment forthwith as the final judgment of the Court.

M. The Plaintiff Motion for Default Judgment is granted in the sum certain of ~~XXXXXXXXX~~ $40,835.00 for which let execution issue.

IT IS SO ORDERED.

Dated: January 13, 2014

*John F. Walter*
Honorable John F. Walter
United States District Judge