1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   STEPHEN H. TURNER, SB# 89627
2    E-Mail: Stephen.Turner@lewisbrisbois.com
   LARISSA G. NEFULDA, SB# 201903
3    E-Mail: Larissa.Nefulda@lewisbrisbois.com
   CHRISTOPHER M. HABASHY SB#280725
4    E-Mail: Christopher.Habashy@lewisbrisbois.com
   221 North Figueroa Street, Suite 1200
5  Los Angeles, California 90012
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Defendant, UNION
   ADJUSTMENT COMPANY, INC.

8

9            UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 | DEON THOMAS,                          | CASE NO. ED CV 13-01325 JFW
   |                                        | (SPx)
13 |           Plaintiff,                   |
   |                                        | **DEFENDANT'S EX PARTE**
14 |    vs.                                 | **APPLICATION TO SET ASIDE**
   |                                        | **DEFAULT JUDGMENT**
15 | UNION ADJUSTMENT COMPANY,             |
   | INC.,                                  | Trial Date:    None Set
16 |                                        |
   |           Defendant.                   |
17 |                                        |

18       TO PLAINTIFF DEON THOMAS, PRO SE:

19       PLEASE TAKE NOTICE that Defendant UNION ADJUSTMENT

20 COMPANY, INC. ("Defendant") herby submits its *Ex Parte* Application to set

21 aside the default and default judgment entered against Defendant.

22       Good cause exists because Defendant, a corporation, was not properly served

23 with DEON THOMAS' ("Plaintiff") complaint and as a result of the default

24 judgment being entered, Defendant has and will continue to suffer irreparable harm

25 because Plaintiff has levied its bank account for a judgment that Defendant never

26 had the opportunity to defend.

27       Pursuant to Local Rule 7-19, Defendant's counsel advised Plaintiff Deon

28 Thomas that Defendant would be proceeding with this *Ex Parte* Application in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-6717-0330.1

DEFENDANT'S EX PARTE APPLICATION

1  writing on April 10, 2014. (*Nefulda Decl.*, ¶ 3, Ex. 1.)

2      This ex parte Application is based upon this notice; the attached

3  memorandum of points and authorities; the declarations of Sarkis Semerjian, Glenda

4  Menjivar, Debbie Rubinfeld, and Larissa G. Nefulda; upon all the pleadings, records

5  and files herein; and upon such other oral and documentary evidence that may be

6  presented at the time of the hearing on this ex parte application.

7

8  DATED: April 18, 2014          LEWIS BRISBOIS BISGAARD & SMITH LLP

9

10

11                          By:     /s/ Larissa G Nefulda
                                 Larissa G. Nefulda
12                               Attorneys for Defendant, UNION
                                 ADJUSTMENT CO, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4837-6717-0330.1

2

DEFENDANT'S *EX PARTE* APPLICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Deon Thomas, a litigious individual, filed a Complaint against Defendant Union Adjustment Company, Inc. ("Defendant") alleging that Defendant violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practice Act, Fair Credit Reporting Act, and the Telephone Consumer Protection Act. However, Plaintiff never properly served his Complaint and a default judgment was entered against Defendant. As a result, Defendant has and will continue to suffer irreparable harm because Plaintiff has levied its bank accounts pursuant to a complaint it never had a chance to defend.

Moreover, even if the Court determines that Defendant was properly served, the Court should set aside the default and default judgment on the basis of excusable neglect. Plaintiff's process server merely left the summons and all related documents on a ledge in Defendant's place of business. Defendant discovered the documents, but for some reason did not log Plaintiff's Complaint in its database. As a result, the deadline to respond to the Complaint was not calendared and Defendant did not respond. Additionally, Defendant was never served with documents related to the Request for Entry of Default, the Clerk's entry of Default, both of Plaintiff's Motions for Default Judgments and the Writ of Execution. The first time that Defendant learned about the judgment was when it received two letters from Wells Fargo on March 27, 2014 advising that monies were taken out to satisfy a judgment. Defendant recognizes that it was negligent in the manner it handled this lawsuit, but its conduct was not willful.

Because Defendant was not properly served and Defendant has and will continue to suffer irreparable harm because Plaintiff has levied its bank accounts pursuant to a complaint it never had a chance to defend, the Court should grant Defendant's *Ex Parte* Application and Set Aside the Default. In the Alternative, the Court should order that Defendant's Motion to Set Aside the Default and Default

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-6717-0330.1

3

DEFENDANT'S *EX PARTE* APPLICATION

1  Judgment should be heard on shortened notice.

2

3  **II.   BACKGROUND**

4      Defendant, a California corporation is a collection agency, doing business

5  since 1947.  On April 12, 2012, Defendant was assigned an account for collection of

6  an outstanding parking citation.  (*Rubinfeld Decl.*, ¶4.)   The parking citation was

7  issued on November 1, 2010 by the City of Moreno Valley to a Dodge bearing

8  license plate number 8T28840, which was registered in Plaintiff's name.  (*Id.*)

9  Plaintiff filed an appeal with the Citation Processing Center.  (*Id.*)  However, the

10  citation was upheld on appeal.  (*Id.*)

11      On April 13, 2012, Defendant sent a collection letter to Plaintiff.  (*Rubinfeld*

12  *Decl.*, ¶5.)  On April 18 and 19, 2012, Plaintiff sent letters to Defendant requesting

13  validation of the debt.  (*Rubinfeld Decl.*, ¶6.)   Plaintiff's letters were sent via email

14  and certified mail.  (*Id.*)  On April 19, 2012, after receipt of Plaintiff's letters via

15  email, Defendant responded to Plaintiff by sending him validation of the debt, via

16  certified mail, return receipt requested.  (*Rubinfeld Decl.*, ¶7.)  On April 21, 2014,

17  Plaintiff signed the receipt reflecting he received Defendant's April 19, 2012 letter.

18  (*Id.*)

19      In July 2013, Plaintiff filed this lawsuit against Defendant.  (*Rubinfeld Decl.*,

20  ¶ 11.)  Plaintiff contends that he served Defendant with the Summons and

21  Complaint in August 2013.  (*Rubinfeld Decl.*, ¶ 12.)  However, Defendant contends

22  that it was never properly served with the Summons and Complaint.  (*Id.*)

23  Defendant contends that Plaintiff's process server merely left the summons and all

24  related documents on a ledge in Defendant's place of business.  (See *Menjivar*

25  *Decl.*, ¶ 3.)  Defendant discovered the documents, but for some reason did not log

26  Plaintiff's Complaint in its database.  As a result, Defendant did not timely respond

27  to Plaintiff's Complaint.  (See *Rubinfeld Decl.* ¶¶13-14)

28      Unbeknownst to Defendant, a default judgment was entered against

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-6717-0330.1
4
DEFENDANT'S *EX PARTE* APPLICATION

1  Defendant on January 13, 2014. (*Rubinfeld Decl.*, ¶ 15.) The very first time that
2  Defendant became aware of the default judgment was on March 31, 2014, when it
3  received notice from its financial institution, Wells Fargo Bank, N.A. ("Wells
4  Fargo"), that monies were taken out of Defendant's accounts in order to satisfy a
5  judgment against Defendant. (*Id.*) Prior to receiving notice from Wells Fargo,
6  Defendant was not served with any pleading or document reflecting that a default or
7  default judgment had been entered against Defendant. (*Rubinfeld Decl.*, ¶ 16.) As
8  such, Defendant was unaware that Plaintiff was seeking a default judgment. (*Id.*)
9  Shortly after it received notice of the judgment from Wells Fargo, Defendant
10  promptly retained Lewis Brisbois Bisgaard & Smith to try to set the default
11  judgment aside. (*Rubinfeld Decl.*, ¶ 17.)

12

13  **III.  GOOD CAUSE EXISTS TO GRANT DEFENDANT'S *EX PARTE***
14  **APPLICATION BECAUSE DEFENDANT WAS NOT PROPERLY**
15  **SERVED AND AS A RESULT, PLAINTIFF HAS BEEN ABLE TO**
16  **LEVY ITS BANK ACCOUNT PURSUANT TO A DEFAULT**
17  **JUDGMENT THAT WAS ENTERED BY THE COURT**
18  **A.  The Court Is Empowered to Set Aside A Default and Default**
19  **Judgment**
20  Pursuant to Federal Rules of Civil Procedure section 60(b)(4), a trial court has
21  the power to set aside a default and default judgment for lack of proper service.
22  Moreover, a trial court has the power to set aside a default judgment for various
23  reasons, including "mistake, inadvertence, surprise, or excusable neglect."

24

25  **B.  Because Defendant, a Corporation, Was Not Properly Served, The**
26  **Court Should Vacate The Default Judgment**
27  Pursuant to Federal Rules of Civil Procedure section 60(b)(4), a trial court has
28  the power to set aside a default judgment for lack of proper service. A motion for

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-6717-0330.1
5
DEFENDANT'S *EX PARTE* APPLICATION

1  relief from default may be granted where defendant (even if he or she had actual
2  notice) demonstrates defects in the service of process.  See *SEC v. Internet Solutions*
3  *for Business Inc.* (2007) 509 F3d 1161, 1165-1166.  Defects in service of process
4  render a judgment void and subject to direct attack by a motion for relief from
5  default.  *Mason v. Genisco Technology Corp.* (1992) 960 F2d 849, 851.

6

7  **1.      Because Plaintiff Did Not Serve An Authorized Individual of**
8  **Defendant and Did Not Inform Anybody Whatsoever of The**
9  **Contents of The Summons, Plaintiff Did Not Properly Serve**
10  **Defendant and Thus The Judgment Is Void**

11      A domestic corporation may be served with a summons by delivering a copy
12  of the summons and complaint to:

13          (a) the person designated as agent for service of process
14          (b) To the president, chief executive officer, or other head
15          of the corporation, a vice president, a secretary or assistant
16          secretary, a treasurer or assistant treasurer, a controller or
17          chief financial officer, a general manager, or a person
18          authorized by the corporation to receive service of process
19  CCP §416.10

20  Substituted service under CCP §415.20(a) is effected by:
21          Leaving a copy of the summons and complaint during
22          usual office hours in the office of the person to be served
23          or, if no physical address is known, at his or her usual
24          mailing address, other than a United States Postal Service
25          post office box, with the person apparently in charge of the
26          office; and mailing a copy of the summons and complaint
27          (by first-class mail, postage prepaid), addressed to the
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    person to be served at the place where a copy of the
2    summons and complaint was left.

3    In this case, Plaintiff did not properly serve Defendant.  Both proofs of
4    service filed by Plaintiff indicate that he served John Doe, a 5'7" male through
5    substituted service.  Plaintiff's process server did not obtain the name of the
6    individual because he merely left the summons and all related documents on a ledge.
7    The individual described in Plaintiff's proofs of service is Sarkis Semerjian ("Mr.
8    Semerjian"), a part-time administrative assistant employee of Defendant.  (*Sarkis*
9    *Decl.*, ¶ 1.)  Mr. Semerjian is not an authorized person to accept service of process.
10   He is not the authorized agent on the California Secretary of State.  (See *Sarkis*
11   *Decl.*, ¶ 2.)  Moreover, he is not in charge of the office and he informed Plaintiff's
12   process server that he is not authorized to accept service.  (See *Sarkis Decl.*, ¶ 2.)  In
13   fact, Mr. Semerjian was never handed any documents and was never informed of the
14   contents of the documents that were supposedly served on him.  (*Sarkis Decl.*, ¶ 4.)
15   Furthermore, Mr. Semerjian explained to the process server in Armenian, the
16   process server's native language, such policy and procedures of Union Adjustment
17   Company, Inc.  (*Sarkis Decl.*, ¶ 2.)  As such, Defendant was not properly served.

18   Moreover, the Court also notified Plaintiff twice that there were flaws in
19   Plaintiff's proofs of service when Plaintiff filed a request to enter a default.  The
20   Court initially entered a notice of deficiency because Plaintiff did not provide a full
21   description of the individual that was served.  Subsequently the Court entered
22   another notice of deficiency of default/default judgment because the proof of service
23   was lacking required information, the name of the person that was being served.
24   However, the Court retracted this deficiency because Plaintiff alleged that
25   Defendant was an unknown entity in his Complaint.  However, Plaintiff was well
26   aware that Defendant was a corporation.  In fact, Plaintiff's process server indicated
27   that he was serving a corporation on the proof of service.  Moreover, Plaintiff
28   merely had to go to the California Secretary of State to realize that Defendant was a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-6717-0330.1

7

DEFENDANT'S *EX PARTE* APPLICATION

1  corporation.

2      Because Plaintiff did not serve an authorized individual of Defendant and

3  never informed Defendant of the contents of the documents that were being served,

4  Plaintiff did not properly serve Defendant.  As such, the Court should set aside the

5  default judgment.

6

7      **C.**     **Even If The Court Does Not Believe That The Judgment Is Void**

8             **Pursuant to FRCP 60(b)(4), The Court Should Set Aside The**

9             **Default Judgment Because Defendant's Failure To Respond Was A**

10            **Result Of Excusable Neglect, Plaintiff Will Not Suffer Any**

11            **Prejudice, and Defendant Has A Meritorious Defense**

12     A defendant seeking to set aside a default judgment normally must

13  demonstrate "mistake, inadvertence, surprise, or excusable neglect."  FRCP 60(b)(1)

14  Excusable neglect in which the failure to comply with a filing deadline is

15  attributable to negligence.  *Pioneer Investment Services Co. v. Brunswick Associates*

16  *Ltd. Partnership* (1993) 507 US 380, 394.  When a default judgment is challenged

17  on the ground of "excusable neglect," the court has discretion to set aside the default

18  on the good cause showing.  *Brandt v. American Bankers Ins. Co. of Fla.* (2011) 653

19  F3d 1108,1112-1113.  In exercising this discretion, the court considers the following

20  factors: (1) whether default resulted from defendant's culpable conduct; (2) whether

21  defendant has a meritorious defense; and (3) whether reopening the default

22  judgment would prejudice Plaintiff.  *Employee Painters' Trust v. Ethan Enterprises,*

23  *Inc.* (2007) 480 F3d 993, 1000.

24

25             **1.**    **Defendant's Failure to Respond to Plaintiff's Complaint was**

26                    **a Result of Excusable Neglect**

27     Here, Defendant's failure to respond to Plaintiff's Complaint was not willful

28  but was solely the result of negligence.  Defendant still contends that it was not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-6717-0330.1

8

DEFENDANT'S *EX PARTE* APPLICATION

1 properly served because Plaintiff's process server merely left Plaintiff's Complaint
2 on a ledge. Glenda Menjivar ("Ms. Menjivar") found the documents and realized
3 that it was a lawsuit. Ms. Menjivar then took the documents and gave them to
4 Debbie Rubinfeld ("Ms. Rubinfeld"), Vice President of Legal Services for
5 Defendant. (*Menjivar Decl.*, ¶ 3.) At that time, pursuant to Defendant's policy, Ms.
6 Rubinfeld gave the documents to Defendant's attorney. (*Rubinfeld Decl.*, ¶ 14.)
7 Defendant's attorney was supposed to note the Summons and Complaint in
8 Defendant's database and calendar a response date. (*Id.*) However, due to mistake,
9 neglect and possibly a computer glitch, this was not done. (*Id.*) As a result
10 Defendant did not respond to Defendant's complaint.

11    Additionally, Defendant was never served with any documents related to the
12 Request for Entry of Default, the Clerk's entry of Default, both of Plaintiff's
13 Motions for Default Judgments. As such, Defendant was unaware that Plaintiff was
14 seeking a default judgment. The very first time that Defendant learned about the
15 judgment was when it received two letters from Wells Fargo on March 31, 2014
16 advising that monies were taken out of the accounts pursuant to the Notice of Levy
17 and Writ of Execution. Shortly thereafter, Defendant promptly retained Lewis
18 Brisbois Bisgaard & Smith to try to set the default judgment aside.

19    Defendant recognizes that it was negligent in the manner it handled this
20 lawsuit, but its conduct was not willful.

21

22        **2.    Plaintiff Will Not Suffer Any Prejudice if The Default**
23               **Judgment Is Set Aside**

24    There is no prejudice to the plaintiff where the setting aside of the default has
25 done no harm to plaintiff except to require it to prove its case. See *TCI Group Life*
26 *Ins. Plan v. Knoebber* (2001) 244 F3d 691,701. Moreover, delay by itself is not
27 sufficient "prejudice" to plaintiff especially where the delay is minor and defendant
28 shows a meritorious defense. *Lacy v. Sitel Corp.* (2000) 227 F3d 290,293.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Here, Plaintiff will not suffer any prejudice if the default judgment is set

2   aside.  The brief delay has not resulted in the loss of any evidence, Plaintiff is a *pro*

3   *se* and has not accrued any attorneys' fees.  Furthermore, as set forth below,

4   Defendant has a meritorious defense.

### 3.   Defendant Has a Meritorious Defense

6   The party seeking relief from default bears the burden of showing a defense

7   that might make the result at trial different than that reached by default.  *Franchise*

8   *Holding II, LLC v. Huntington Restaurants Group, Inc.* (2004) 375 F.3d 922, 926.

9   Here, Plaintiff is alleging that Defendant violated the Fair Debt Collection

10   Practices Act, the Rosenthal Fair Debt Collection Practice Act, and Fair Credit

11   Reporting Act.  However, the debt at issue is a parking violation and parking

12   violations are not consumer debts.  Thus, the Fair Debt Collection Practices Act, the

13   Rosenthal Fair Debt Collection Practice Act, and Fair Credit Reporting Act are

14   inapplicable.

15   "Because not all obligations to pay are considered debts under the FDCPA, a

16   threshold issue in a suit brought under the Act is whether or not the dispute involves

17   a "debt" within the meaning of the statute.  *Turner, et al. v. Cook, et al.*, 362 F.3d

18   1219, 1227 (9th Cir. 2003) (Citing *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072,

19   1075 (9th Cir. 2001.)  The FDCPA defines a "debt" as "any obligation or alleged

20   obligation of a consumer to pay money arising out of a transaction in which the

21   money, property, insurance, or services which are the subject of the transaction are

22   primarily for personal, family, or household purposes, whether or not such

23   obligation has been reduced to a judgment."  15 U.S.C. § 1692a(5).

24   The FDCPA does not define the term "transaction."  However, "transaction"

25   involves a "consensual or contractual arrangement, not damage obligations thrust

26   upon one as a result of no more than her own negligence."  *Turner, et al. v. Cook, et*

27   *al.*, 362 F.3d 1219, 1227-1228 (9th Cir. 2003) (Citing *Hawthorne v. Mac*

28   *Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998)); *Fleming v Pickard, et al.*, 581

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-6717-0330.1

10

DEFENDANT'S *EX PARTE* APPLICATION

1  F.3d 922 (9th Cir. 2009) (A consensual transaction must be the basis for a

2  transaction covered by the 15 U.S.C. Section 1692a(5)). "The FDCPA limits its

3  reach to those obligations to pay arising from consensual transactions, where parties

4  negotiate or contract for consumer-related goods or services." *Waters v. Howard*

5  *Sommers Towing, Inc.*, 2011 U.S. Dist. LEXIS 41346 at *20 (C.D. Cal. April 11,

6  2011) (citing *Yazo v. Law Enforcement Sys.*, 2008 U.S. Dist. LEXIS 93345 at *5

7  (C.D. Cal. Nov. 7, 2008); *See also Turner*, 362 F. 3d at 1227).  As such, a parking

8  violation is not a debt within the meaning of the FDCPA.

9      Moreover, even if a parking violation is considered a debt for the purposes of

10  the FDCPA, there is no requirement under the FDCPA for debt collectors to conduct

11  an independent investigation into the validity of the underlying claim prior to

12  commencing collection activities and, when collecting on accounts, a debt collector

13  may rely on information the creditor provides. (See *Clark v. Capital Credit &*

14  *Collection Serv.*, 460 F.3d 1162, 1177 (9th Cir. 2006); *Jenkins v. Heintz*, 124 F.3d

15  824, 833-34 (7th Cir. 1997); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th

16  Cir. 1992); *Owen v. I.C. System, Inc.*, 629 F. 3d 1263, 1276 (11th Cir. 2011).)

17      Plaintiff contends that Defendant violated the Telephone Consumer

18  Protection Act, 47 U.S.C. § 227, because Defendant contacted him using an

19  automatic telephone dialing system. (*Complaint*, ¶ 29.) As set forth in the

20  Declaration of Debbie Rosenfeld, Defendant does not make calls using an automatic

21  telephone dialing system, and Defendant did not call Plaintiff using an automatic

22  telephone dialing system at any time. (*Rubinfeld Decl.*, ¶ 18.) Accordingly,

23  Defendant did not violate the Telephone Consumer Protection Act.

24

25      **4.    Policy Favors The Court Setting Aside The Default**

26          **Judgment**

27      Default judgments are generally disfavored and cases ordinarily should be

28  decided on their merits. *In re Hammer* (1991) 940 F2d 524, 525.  Where the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-6717-0330.1

11

DEFENDANT'S *EX PARTE* APPLICATION

1 defendant seeks timely relief from the default judgment and has a meritorious
2 defense, doubts should be resolved in favor of granting the motion to se aside the
3 judgment. *Id.*

4     In this case, Defendant did not have the opportunity to defend itself because
5 Plaintiff did not properly serve Defendant and its refusal to respond to the
6 Complaint was due to excusable neglect. Moreover, as discussed above, Defendant
7 has a meritorious defense.

8

9 **IV.   CONCLUSION**

10     Because Defendant was not properly served and Defendant has and will
11 continue to suffer irreparable harm because Plaintiff has levied its bank accounts
12 pursuant to a complaint it never had a chance to defend, the Court should grant
13 Defendant's *Ex Parte* Application and Set Aside the Default and Default Judgment.
14 In the Alternative, the Court should order that Defendant's Motion to Set Aside the
15 Default and Default Judgment should be heard on shortened notice. However, if the
16 Court does grant Defendant's Ex-Parte Application, Defendant's proposed answer is
17 attached as Exhibit 2 to the declaration of Larissa Nefulda.

18

19 DATED: April 18, 2014          LEWIS BRISBOIS BISGAARD & SMITH LLP

20

21

22              By:     */s/ Larissa G. Nefulda*
                        Stephen H. Turner
23                      Larissa G. Nefulda
                        Christopher Habashy
24                      Attorneys for Defendant, UNION
25                      ADJUSTMENT COMPANY, INC.

26

27

28

## DECLARATION OF DEBBIE RUBINFELD

I, Debbie Rubinfeld, declare as follows:

1.    I am the Vice President of Legal Services at Union Adjustment Company, Inc, a California corporation (hereinafter referred to as "UAC"). UAC is a collection agency with its principal place of business in Burbank, California.

2.    I am also a duly authorized custodian of records of the legal files, and books and records maintained by UAC. Said files record all events or occurrences at or near the time or their occurrence, and are recorded therein by personnel whose business it is to record said acts or occurrences. These employees work under my supervision or control, and the files are maintained in the ordinary and routine course of business.

3.    I have personal knowledge of the facts stated herein, or have gained knowledge of these facts from my review of the business books and records. If called upon to testify in this matter, I could and would competently testify as to the truthfulness of the matters contained herein.

4.    On April 12, 2012, UAC was assigned an account for collection of an outstanding parking citation. The parking citation was issued on November 1, 2010 by the City of Moreno Valley to a Dodge bearing license plate number 8T28840, which was registered in Plaintiff Deon Thomas' ("Plaintiff") name. Plaintiff filed an appeal with the Citation Processing Center. However, the citation was upheld on appeal.

5.    On April 13, 2012, UAC sent its first collection letter to Plaintiff.

6.    On April 18 and 19, 2012, Plaintiff sent letters to UAC requesting validation of the debt. Plaintiff's letters were sent via email and certified mail.

7.    On April 19, 2012, after receipt of Plaintiff's letters via email, UAC responded to Plaintiff by sending Plaintiff validation of the debt, via certified mail, return receipt requested. On April 21, 2012, Plaintiff signed the receipt reflecting he received UAC's April 19, 2012 letter.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-6717-0330.1

13

DEFENDANT'S *EX PARTE* APPLICATION

1    8.    On April 24, 2012, Plaintiff sent another letter to UAC to advise that
2    the validation UAC sent to Plaintiff on April 19, 2012 was not sufficient, because
3    the validation did not meet Plaintiff's demands. Plaintiff sent a similar letter on
4    April 19, 2013.

5    9.    On July 8, 2013, Plaintiff sent a letter entitled "Notice of Pendency of
6    Litigation."

7    10.    On August 1, 2013, UAC's attorney, Lloyd Douglas Dix of Dix
8    &Associates, sent a letter to Plaintiff in response to Plaintiff's July 8, 2013 letter.
9    The letter explained why UAC's collection efforts, including the validation sent to
10   Plaintiff on April 19, 2012, was proper and in accordance with the law. Attached
11   hereto as Exhibit "1" is a true and correct copy of the document sent by Mr. Dix on
12   behalf of UAC.

13   11.    In July 2013, Plaintiff filed a lawsuit against UAC for alleged
14   violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*;
15   California Rosenthal Act, *CA Civil Code* § 1788, *et seq.*; Fair Credit Reporting Act,
16   15 U.S.C. § 1681, *et seq.*; and the Telephone Consumer Protection Act, 47 U.S.C. §
17   227, *et seq.*

18   12.    Plaintiff contends that he served UAC with the Summons and
19   Complaint in August 2013. However, **UAC disputes that it was properly served**.

20   13.    In August 2013, Glenda Menjivar, the receptionist at UAC, found the
21   Summons and Complaint on UAC's counter ledge of UAC's lobby. Ms. Menjivar
22   then gave the documents to me.

23   14.    Pursuant to UAC's policy, I gave the documents to UAC's attorney,
24   Mr. Dix. Mr. Dix was suppose to note the Complaint in UAC's database and
25   calendar a response date. However, due to mistake, neglect and possibly a computer
26   glitch, this was not done. As a result UAC did not respond to the Complaint.

27   15.    Unbeknownst to UAC, a default judgment was entered against UAC on
28   January 13, 2014. The very first time that UAC became aware of the default

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-6717-0330.1
14
DEFENDANT'S *EX PARTE* APPLICATION

1 || judgment was on March 31, 2014, when it received notice from its financial

2 || institution, Wells Fargo Bank, N.A. ("Wells Fargo"), that monies were taken out of

3 || UAC accounts in order to satisfy a judgment against UAC.

4      16.    Prior to receiving notice from Wells Fargo, UAC was not served with

5 || any pleading or document reflecting that a default or default judgment had been

6 || entered against UAC. As such, UAC was unaware that Plaintiff was seeking a

7 || default judgment.

8      17.    Shortly after it received notice of the judgment from Wells Fargo,

9 || Defendant promptly retained Lewis Brisbois Bisgaard & Smith to try to set the

10 || default judgment aside.

11      18.    Plaintiff alleges that UAC violated the Telephone Consumer Protection

12 || Act, 47 U.S.C. § 227, because UAC contacted him using an auto dialer. UAC does

13 || not make calls using an auto dialer, and UAC did not call Plaintiff using an auto

14 || dialer at any time.

15

16      I declare under penalty of perjury under the laws of the State of California

17 and the United States of America that the foregoing is true and correct and that this

declaration was executed on April 16, 2014, at Burbank, California.

18

19                       Debbie Rubinfeld

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

15

DEFENDANT'S *EX PARTE* APPLICATION

# RUBINFELD DECLARATION

# EXHIBIT "1"

**Dix & Associates**
A PROFESSIONAL LAW CORPORATION
22287 MULHOLLAND HWY.
PMB 414
CALABASAS, CA 91302

LLOYD DOUGLAS DIX †*
KEITH LEVEY
JULIUS A. DIX (RET.)

* ALSO ADMITTED TO PRACTICE IN
  FEDERAL DISTRICT COURTS OF ARIZONA
† ALSO ADMITTED TO PRACTICE IN
  FEDERAL DISTRICT COURT OF HAWAII

OF COUNSEL
FRANKLIN J. LOVE

TELEPHONE
(818) 876-3000

FACSIMILE
(818) 876-3030

EMAIL
OFFICE@DIXANDASSOCIATES.COM

1 August 2013

**CLIENT COPY**

Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555

*via electronic and U.S. Mail*

Re:    Our client:    Union Adjustment Company
       Various Open Issues

Dear Mr. Thomas:

Please be advised that this office is General Counsel to Union Adjustment Company, Inc., (hereinafter referred to as "UAC"). Kindly notate your files as such, and direct all further communications regarding this matter in care of this office. Your letters of 18 April 2012, 19 April 2012, 24 April 2012, 19 April 2013, and 8 July 2013 directed to my client, have been referred to this office for investigation and response. I have now had an opportunity to conduct an investigation, and specifically to review the computer notes as maintained by my client, in addition to speaking with my client. I have also had an opportunity to receive additional information from my client's assignor. Please allow this correspondence to detail the results of my investigation and review.

On or about 1 November 2010 a parking citation was issued by the City of Moreno Valley bearing citation number: MV301101040. The citation was issued to a Dodge bearing license plate number: 8T28840, and which was registered in your name. The ticket was issued at an address which is known to be adjacent to yours. My client's assignor also advises, that you filed an appeal with regard to the citation, and that the citation was upheld on appeal.

You did not pay the citation, and on or about 12 April 2012 the delinquent account was assigned to my client for collection. That same day, a First Notice as required by the FDCPA was sent to you. You admit that you received this Notice on 18 April 2012, in each of the (2) letters you wrote to my client on 18 April 2012 and 19 April 2012, respectively. Both of these letters also requested validation of the debt.

On 19 April 2012, after receipt of your correspondence by electronic mail, UAC sent the

Exhibit 1
Page 1
Rubinfeld Dec

Bix & Associates
A PROFESSIONAL LAW CORPORATION

Deon L. Thomas
1 August 2013
Page 2

validation as required by law. Specifically, it sent a printout detailing the all of the above-identifying information regarding the citation, with the exception of the information regarding the appeal. This information was sent certified mail, return receipt requested. You signed for this correspondence with validation enclosed, on 21 April 2012. Your 24 April 2012 letter also acknowledges the receipt of this information.

Thereafter, your letter of 24 April 2012 alleges that my client's validation of the debt was not sufficient, because it did not meet all of your demands. Specifically, you had demanded that my client provide various documentation and execute a declaration under penalty of perjury. When my client chose to promptly comply with applicable law, as opposed to those extraneous, overburdensome and erroneous demands contained in your letter, you unilaterally reached the decision that my client had violated the Federal Fair Debt Collections Practices Act (hereinafter "FDCPA" or "the FDCPA"). Nothing could be further from the truth.

In California, the Ninth Circuit explained the objective of verification, and explained the minimum requirement. In *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006) the Court stated:

> "...[W]e adopt as a baseline the more reasonable standard articulated by the Fourth Circuit in *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999). At the minimum, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." Id, at 406 (citing *Azar v. Hayter*, 874 F.Supp. 1314, 1317 (N.D.Fla.), aff'd, 66 F.3d 342 (11th Cir. 1995)).

[Emphasis added.]

Cases have held that supplying the debtor with itemized statements, copies of invoices and the like, are all acceptable means of validating the debt. In the case at bar, you were supplied with all of the information regarding the citation, and you received confirmation in writing that the amount being demanded is that which the creditor claims is owed. If you believe that my client failed to comply with the law in any manner, I challenge you to direct me to any case, statute, rule, regulation, or other authority which states that my client has not complied.

The letters that you have sent, contain erroneous demands that are readily found on the internet. These demands typically advise, that you should request large volumes of documentation, including the very information you have requested in your letters. Unfortunately these internet suggestions are completely unsupported by law. There is absolutely no legal basis for my client to provide any of the extraneous information you have requested. Since my client was under no duty to provide any additional information, it has complied with every law, statute, and regulation, and any such allegation that it has failed to do so, is completely frivolous. and actionable by my client.

Dix & Associates
A PROFESSIONAL LAW CORPORATION

Deon L. Thomas
1 August 2013
Page 3

From 26 April 2012 until 24 April 2013, a period of almost a full year my client was in receipt of several credit disputes from the credit bureaus, but nothing directly from you. Each of the credit bureau disputes indicated that you were not the person whose name was on the account. Every time my client received the dispute, it would match the information against the account and determined that you were the person identified in the assigned account.

On 19 April 2013 you sent another letter to my client. That letter was received on or about 24 April 2013, and again states that my client is in violation because it failed to validate the debt. Thereafter my client heard nothing further from you for approximately two (2) months.

On or about 8 July 2013 you wrote an additional letter entitled "Notice of Pendency of Litigation". Your letter alleged that my client violated the FDCPA because it had not validated the debt. It had. Your letter falsely claimed that my client cannot request payment within the thirty (30) day period. In 2006 the FDCPA was specifically amended to provide for collection activities in the first thirty (30) days. You have demanded the sum of twelve thousand dollars ($ 12,000).

The collection agency is entitled to rely on the information which it is provided.

> "... Capital and Hasson were entitled to rely on their client's statements to verify the debt. Accord *Bleich v. Revenue Maximization Group, Inc.*, 233 F. Supp.2d 496, 500-01 (E.D.N.Y. 2002), *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991) ("Generally, a debt collector may reasonably rely upon information provided by a creditor who has provided accurate information in the past."). Moreover, the FDCPA did not impose upon them any duty to investigate independently the claims presented by Dr. Evans. Accord *Ducrest v. Alco Collections, Inc.*, 931 F. Supp. 459, 462 (M.D. La. 1996). Capital's and Hasson's actions, then, satisfied the requirement that they confirm with their client the particular amount being claimed. *Chaudhry*, 174 F.3d at 406 (holding that debt collectors do not have to "vouch for the validity of the underlying debt"), and they did not violate §§ 1692g(a)(4) or 1692g(b). No reasonable trier of fact could conclude otherwise."

*Capital, supra*, at 10156.

Under the circumstances my client must decline your settlement offer. Furthermore, should you persist in prosecuting the frivolous Complaint, it is my client's intention to seek all appropriate legal remedies, including but limited to, a request for reimbursement of its court costs and attorney's fees. This request may be in addition to and/or in place of, a separate action for malicious civil litigation. I truly hope that this will not be necessary.

Finally, Federal and/or State law may require that I advise you that this office is a debt

Exhibit 1
Page 2
Rubinfeld Dec

**Dix & Associates**
A PROFESSIONAL LAW CORPORATION

Deon L. Thomas
1 August 2013
Page 4

collector. This is an attempt to collect a debt and any information obtained will be used for this purposed.

Thank you very much for your anticipated courtesy and cooperation in this matter. Of course, should different or further information be required, please do not hesitate to contact me.

Sincerely yours,
DIX & ASSOCIATES, APLC

Lloyd Douglas Dix

LDD/ms
cc: client; file

Exhibit 1
Page 3
Rubinfeld Dec.

# DECLARATION OF GLENDA MENJIVAR

I, Glenda Menjivar, declare as follows:

1. I am a receptionist at Union Adjustment Company, Inc, a California corporation (hereinafter referred to as "UAC"). I have been employed with UAC since January 6, 2012.

2. I have personal knowledge of the facts stated herein. If called upon to testify in this matter, I could and would competently testify as to the truthfulness of the matters contained herein.

3. In August 2013, I found documents on the counter ledge of UAC's lobby. I picked up the documents and read that they were a Summons and Complaint in this case. I gave the documents to Debbie Rubinfeld.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on April 18, 2014, at Burbank, California.

Glenda Menjivar

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-6717-0330.1
16
DEFENDANT'S EX PARTE APPLICATION

## DECLARATION OF SARKIS SEMERJIAN

1.     I, Sarkis Semerjian, declare that I am a part-time employee of Defendant UNION ADJUSTMENT COMPANY, INC. ("UAC"). I am a part-time administrative assistant for UAC. I have been employed with UAC since 2007. I am familiar with the facts set forth in this declaration by my own knowledge and if called upon I could and would competently testify thereto.

2.     Sometime during the summer of 2013, I recall an Armenian gentleman who came to UAC and asked for Nathan Rubinfeld and Debbie Rubinfeld. I informed him that neither were available. It seemed to me that he was trying to serve me with some type of documents. Therefore, I proceeded to tell him in Armenian, the process server's native language, about the policies and procedures of UAC. I told him that I was not authorized to accept service and that he needed to go on the California Secretary of State website to see who is authorized to accept service. He subsequently left.

3.     The same Armenian gentleman returned to UAC the next day. Once again he asked for Nathan Rubinfeld or Debbie Rubinfeld. I again informed him that they were not available. I again informed him that I am not authorized to accept service. The gentleman proceeded to leave.

4.     The Armenian gentleman never handed me any documents.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on April 18, 2014, at Burbank, California.

Sarkis Semerjan

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-6717-0330.1

17

DEFENDANT'S *EX PARTE* APPLICATION

1       ## DECLARATION OF LARISSA G. NEFULDA

2       I, LARISSA G. NEFULDA, declare as follows:

3       1.      I am an attorney duly admitted to practice in all of the courts of the
4   State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP,
5   attorneys of record for Defendant, Union Adjustment Company, Inc. ("UAC"). The
6   facts set forth herein are of my own personal knowledge, and if sworn I could and
7   would competently testify thereto.

8       2.      On April 8 and April 9, 2014, I spoke with Plaintiff Deon Thomas
9   ("Plaintiff"). During our conversation, I informed Plaintiff that my firm was
10  recently retained to represent UAC in this action. I also advised Plaintiff that we
11  would be filing a motion to set aside the default judgment entered against UAC on
12  the grounds that the Summons and Complaint were improperly served.

13      3.      On April 10, 2014, I sent Plaintiff a letter via email to advise Plaintiff
14  that we would be filing an *Ex Parte* Application to set the default judgment aside.
15  Attached hereto as Exhibit 1 is a true and correct copy of the letter.

16      4.      Attached hereto as Exhibit 2 is the Answer that will be filed on behalf
17  of UAC if the Court sets aside the default judgment.

18      I declare under penalty of perjury under the laws of the State of California
19  and the United States of America that the foregoing is true and correct and that this
20  declaration was executed on April 11, 2014, at Los Angeles, California.

21

22                                      */s/Larissa G. Nefulda*

23                                      Larissa G. Nefulda

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-6717-0330.1                        18
                        DEFENDANT'S *EX PARTE* APPLICATION

# NEFULDA DECLARATION
# EXHIBIT "1"

**Nefulda, Larissa**

| | |
|---|---|
| **From:** | Nefulda, Larissa |
| **Sent:** | Thursday, April 10, 2014 4:34 PM |
| **To:** | 'dlthomas32@gmail.com' |
| **Cc:** | Turner, Stephen; Habashy, Christopher |
| **Subject:** | Thomas v. Union Adjustment Co., Inc. |
| **Attachments:** | SKMBT_50114041016170.pdf |

Mr. Thomas,

Please see attached correspondence.

Thanks,
Larissa



**Larissa G. Nefulda**
**Partner**
Larissa.Nefulda@lewisbrisbois.com
**221 N. Figueroa Street, Suite 1200**
**Los Angeles, CA 90012**

**T: 213.580.7933  F: 213.250.7900**

LewisBrisbois.com  

**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.



Exhibit _1_
Page _1_
Nefulda Dec

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Fax: 213.250.7900
www.lewisbrisbois.com

LARISSA G. NEFULDA
DIRECT DIAL: 213.580.7933
LARISSA.NEFULDA@LEWISBRISBOIS.COM

April 10, 2014

File No.
33333.333

**VIA E-MAIL**

Deon Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
E-Mail: dlthomas32@gmail.com

     Re:    Deon Thomas v. Union Adjustment Company, Inc.

Dear Mr. Thomas:

    As you know, my firm represents Union Adjustment Company, Inc. ("UAC") in the lawsuit you filed on July 30, 2013 in the United States District Court for the Central District of California. As we discussed on April 8 and 9, 2014 by telephone, we will be filing an ex parte application to set aside the default judgment on the grounds that UAC was not properly served with the Summons and Complaint. In the alternative, UAC will argue that its failure to file a responsive pleading was based solely on "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(1) Furthermore, UAC has a meritorious defense in the action.

    Please contact me with any questions.

Very truly yours,

Larissa G. Nefulda of
LEWIS BRISBOIS BISGAARD & SMITH LLP

LGN
cc:    Stephen H. Turner, Esq.
       Christopher Habashy, Esq.

ATLANTA • BEAUMONT • BOSTON • CHARLESTON • CHICAGO • DALLAS • DENVER • FORTLAUDERDALE • HOUSTON • LA QUINTA • LAFAYETTE • LAS VEGAS • LOS ANGELES • MADISON COUNTY
NEWORLEANS • NEWYORK • NEWARK • ORANGECOUNTY • PHILADELPHIA • PHOENIX • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • SEATTLE • TAMPA • TEMECULA • TUCSON

4839-9569-6922.1

Exhibit 1
Page 2
Nefulda Dec

# NEFULDA DECLARATION

# EXHIBIT "2"

1 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP
STEPHEN H. TURNER, SB# 89627
2 |   E-Mail: Stephen.Turner@lewisbrisbois.com
LARISSA G. NEFULDA, SB# 201903
3 |   E-Mail: Larissa.Nefulda@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
4 | Los Angeles, California 90012
Telephone: 213.250.1800
5 | Facsimile: 213.250.7900

6 | Attorneys for Defendant, UNION
ADJUSTMENT COMPANY, INC.

7 |

8 |                UNITED STATES DISTRICT COURT

9 |       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10 |

11 | DEAN THOMAS,                    CASE NO. ED CV 13-01325 JFW (SPx)

12 |              Plaintiff,
                                    **DEFENDANT UNION**
13 | vs.                            **ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT**

14 | UNION ADJUSTMENT COMPANY, INC.,

15 |              Defendant.

16 |

17 |       Defendant UNION ADJUSTMENT COMPANY, INC. ("Defendant") for

18 | themselves and no other defendant.  Defendant answers Plaintiff DEAN THOMAS'

19 | ("Plaintiff") Complaint as follows:

20 |       1.     Answering paragraph 1, Defendant admits that Plaintiff brought an

21 | action for alleged damages arising out of the Fair Debt Collection Practices Act, 15

22 | U.S.C. § 1692, et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act

23 | ("RFDCPA"), CA *Civil Code* § 1788, et seq., Fair Credit Reporting Act ("FCRA"),

24 | 15 U.S.C. § 1681, and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et*

25 | *seq.*  Defendant denies that it violated any of the aforementioned statutes.

26 |       2.     Answering paragraph 2, Defendant lacks sufficient information and

27 | belief on which to either admit or deny the allegations and on that basis denies each

28 | and every allegation.

Exhibit 2
Page 1
Nefulda Dec

4829-5688-5018.1

DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

1       3.   Answering paragraph 3, Defendant denies the allegations contained
2   therein.

3       4.   Answering paragraph 4, Defendant denies the allegations contained
4   therein.

5       5.   Answering paragraph 5, no response is required.

6       6.   Answering paragraph 6, no response is required.

7       7.   Answering paragraph 7, no response is required.

8       8.   Answering paragraph 8, Defendant admits that this Court has
9   jurisdiction.

10       9.   Answering paragraph 9, Defendant admits that venue is proper.

11       10.   Answering paragraph 10, Defendant lacks sufficient information and
12   belief on which to either admit or deny the allegations and on that basis denies each
13   and every allegation.

14       11.   Answering paragraph 11, Defendant admits that venue is proper.

15       12.   Answering paragraph 12, Defendant admits that Plaintiff is Deon
16   Thomas.  As to the remaining allegations, Defendant lacks sufficient information
17   and belief on which to either admit or deny the allegations and on that basis denies
18   the allegations.

19       13.   Answering paragraph 13, Defendant admits that it is a collection
20   agency and that it is a defendant in this lawsuit.

21       14.   Answering paragraph 14, Defendant admits that Plaintiff is a natural
22   adult person.  As to the remaining allegations, Defendant lacks sufficient
23   information and belief on which to either admit or deny the allegations and on that
24   basis denies the allegations.

25       15.   Answering paragraph 15, Defendant admits that it attempted to collect
26   an outstanding parking citation from Plaintiff.  Defendant denies that parking
27   citations are consumer debts under the Fair Debt Collection Practices Act, the CA
28   Rosenthal Act, or the Fair Credit Reporting Act.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1

Exhibit *2*
Page *2*
*Nefulda DeL*

DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

1      16.    Answering paragraph 16, Defendant admits that it is a collection
2  agency.

3      17.    Answering paragraph 17, Defendant denies that it is a furnisher of
4  information as that term is described in the Fair Credit Reporting Act.

5      18.    Answering paragraph 18, Defendant admits the allegations contained
6  therein.

7      19.    Answering paragraph 19, Defendant admits the allegations contained
8  therein.

9      20.    Answering paragraph 20, Defendant admits the allegations contained
10  therein.

11      21.    Answering paragraph 21, Defendant denies the allegations contained
12  therein.

13      22.    Answering paragraph 22, Defendant admits it received correspondence
14  from Plaintiff.

15      23.    Answering paragraph 23, Defendant admits it received correspondence
16  from Plaintiff.

17      24.    Answering paragraph 24, Defendant admits it sent correspondence to
18  Plaintiff.  As for the remaining allegations, Defendant denies the allegations.

19      25.    Answering paragraph 25, Defendant admits it sent correspondence to
20  Plaintiff.  As for the remaining allegations, Defendant denies the allegations.

21      26.    Answering paragraph 26, Defendant denies the allegations contained
22  therein.

23      27.    Answering paragraph 27, Defendant denies the allegations contained
24  therein.

25      28.    Answering paragraph 28, Defendant admits it received correspondence
26  from Plaintiff.  As for the remaining allegations, Defendant denies the allegations.

27      29.    Answering paragraph 29, Defendant admits that it contacted Plaintiff
28  by telephone.  As for the remaining allegations, Defendant denies the allegations.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1      3
DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

Exhibit 2
Page 3
Nebula Dec

1    30.   Answering paragraph 30, Defendant denies the allegations contained
2  therein.

3    31.   Answering paragraph 31, Defendant denies the allegations contained
4  therein.

5    32.   Answering paragraph 32, Defendant denies the allegations contained
6  therein.

7    33.   Answering paragraph 33, Defendant denies the allegations contained
8  therein.

9    34.   Answering paragraph 34, Defendant lacks sufficient information to
10 admit or deny the allegations contained therein and on that basis denies such
11 allegations.

12    35.   Answering paragraph 35, Defendant lacks sufficient information to
13 admit or deny the allegations contained therein and on that basis denies such
14 allegations.

15    36.   Answering paragraph 36, Defendant denies the allegations contained
16 therein.

17    37.   Answering paragraph 37, Defendant lacks sufficient information to
18 admit or deny the allegations contained therein and on that basis denies such
19 allegations.

20    38.   Answering paragraph 38, Defendant lacks sufficient information to
21 admit or deny the allegations contained therein and on that basis denies such
22 allegations.

23    39.   Answering paragraph 39, Defendant lacks sufficient information to
24 admit or deny the allegations contained therein and on that basis denies such
25 allegations.

26    40.   Answering paragraph 40, Defendant lacks sufficient information to
27 admit or deny the allegations contained therein and on that basis denies such
28 allegations.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Exhibit 2
Page 4
Nefulda Dec

1     41.    Answering paragraph 41, Defendant lacks sufficient information to

2  admit or deny the allegations contained therein and on that basis denies such

3  allegations.

4     42.    Answering paragraph 42, Defendant denies that it reported false and

5  erroneous information.

6     43.    Answering paragraph 43, Defendant admits that it received

7  correspondence from Plaintiff.  As for the remaining allegations, Defendant denies

8  the allegations.

9     44.    Answering paragraph 44, Defendant admits that it received

10  correspondence from Plaintiff.  As for the remaining allegations, Defendant denies

11  the allegations.

12     45.    Answering paragraph 45, Defendant admits that it received

13  correspondence from Plaintiff.  As for the remaining allegations, Defendant denies

14  the allegations.

15     46.    Answering paragraph 46, Defendant responds at the document speaks

16  for itself.

17     47.    Answering paragraph 47, Defendant denies the allegations contained

18  therein.

19     48.    Answering paragraph 48, Defendant denies the allegations contained

20  therein.

21     49.    Answering paragraph 49, Defendant denies the allegations contained

22  therein.

23     50.    Answering paragraph 50, Defendant lacks sufficient information to

24  admit or deny the allegations contained therein and on that basis denies such

25  allegations.

26     51.    Answering paragraph 51, Defendant denies that it reported false and

27  erroneous information.

28     52.    Answering paragraph 52, Defendant denies the allegations contained

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  therein.

2      53.    Answering paragraph 53, Defendant denies the allegations contained

3  therein.

4      54.    Answering paragraph 54, Defendant denies the allegations contained

5  therein.

6      55.    Answering paragraph 55, no response is required.

7      56.    Answering paragraph 56, Defendant denies the allegations contained

8  therein.

9      57.    Answering paragraph 57, Defendant denies that it reported false and

10  erroneous information.

11      58.    Answering paragraph 58, Defendant denies the allegations contained

12  therein.

13      59.    Answering paragraph 59, Defendant denies the allegations contained

14  therein.

15      60.    Answering paragraph 60, Defendant denies the allegations contained

16  therein.

17      61.    Answering paragraph 61, Defendant denies the allegations contained

18  therein.

19      62.    Answering paragraph 62, Defendant denies the allegations contained

20  therein.

21      63.    Answering paragraph 63, Defendant admits that based on the

22  information provided to it by its client, the debt is valid.

23      64.    Answering paragraph 64, no response is required.

24      65.    Answering paragraph 65, Defendant denies the allegations contained

25  therein.

26      66.    Answering paragraph 66, Defendant lacks sufficient information to

27  admit or deny the allegations contained therein and on that basis denies such

28  allegations.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Exhibit 2
Page 6
Nevada DcL

4829-5688-5018.1

DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

1      67.    Answering paragraph 67, Defendant lacks sufficient information to

2 admit or deny the allegations contained therein and on that basis denies such

3 allegations.

4      68.    Answering paragraph 68, Defendant lacks sufficient information to

5 admit or deny the allegations contained therein and on that basis denies such

6 allegations.

7      69.    Answering paragraph 69, Defendant denies the allegations contained

8 therein.

9      70.    Answering paragraph 70, Defendant denies the allegations contained

10 therein.

11     71.    Answering paragraph 71, Defendant denies the allegations contained

12 therein.

13     72.    Answering paragraph 72, Defendant denies the allegations contained

14 therein.

15     73.    Answering paragraph 73, Defendant incorporates its responses to all of

16 the above paragraphs as though fully stated herein.

17     74.    Answering paragraph 74, Defendant lacks sufficient information to

18 admit or deny the allegations contained therein and on that basis denies such

19 allegations.

20     75.    Answering paragraph 75, Defendant denies the allegations contained

21 therein.

22     76.    Answering paragraph 76, Defendant admits the allegations contained

23 therein.

24     77.    Answering paragraph 77, Defendant admits the allegations contained

25 therein.

26     78.    Answering paragraph 78, Defendant admits the allegations contained

27 therein.

28     79.    Answering paragraph 79, Defendant admits the allegations contained

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

Exhibit 2
Page 7
Netulda Dec

1 | therein.

2 | 80. Answering paragraph 80, Defendant denies the allegations contained
3 | therein.

4 | 81. Answering paragraph 81, Defendant denies the allegations contained
5 | therein.

6 | 82. Answering paragraph 82, Defendant denies the allegations contained
7 | therein.

8 | 83. Answering paragraph 83, Defendant denies the allegations contained
9 | therein.

10 | 84. Answering paragraph 84, Defendant denies the allegations contained
11 | therein.

12 | 85. Answering paragraph 85, Defendant denies the allegations contained
13 | therein.

14 | 86. Answering paragraph 86, Defendant denies the allegations contained
15 | therein.

16 | 87. Answering paragraph 87, no response is required.

17 | 88. Answering paragraph 88, Defendant incorporates its responses to all of
18 | the above paragraphs as though fully stated herein.

19 | 89. Answering paragraph 89, Defendant denies the allegations contained
20 | therein.

21 | 90. Answering paragraph 90, Defendant denies the allegations contained
22 | therein.

23 | 91. Answering paragraph 91, Defendant admits the allegations contained
24 | therein.

25 | 92. Answering paragraph 92, Defendant admits the allegations contained
26 | therein.

27 | 93. Answering paragraph 93, Defendant admits the allegations contained
28 | therein.

Exhibit 2
Page 8
NeAula Dec

DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1     94.    Answering paragraph 94, Defendant denies the allegations contained

2 therein.

3     95.    Answering paragraph 95, Defendant denies the allegations contained

4 therein.

5     96.    Answering paragraph 96, Defendant denies the allegations contained

6 therein.

7     97.    Answering paragraph 97, Defendant denies the allegations contained

8 therein.

9     98.    Answering paragraph 98, Defendant admits that it communicated with

10 Plaintiff multiple times before the lawsuit was filed.  Defendant denies any liability.

11     99.    Answering paragraph 99, no response is required.

12    100.   Answering paragraph 100, Defendant incorporates its responses to all

13 of the above paragraphs as though fully stated herein.

14    101.   Answering paragraph 101, Defendant denies the allegations contained

15 therein.

16    102.   Answering paragraph 102, Defendant admits the allegations contained

17 therein.

18    103.   Answering paragraph 103, Defendant denies the allegations contained

19 therein.

20    104.   Answering paragraph 104, Defendant denies that its calls to Plaintiff

21 were improper.

22    105.   Answering paragraph 105, Defendant denies the allegations contained

23 therein.

24    106.   Answering paragraph 106, Defendant denies the allegations contained

25 therein.

26    107.   Answering paragraph 107, Defendant denies the allegations contained

27 therein.

28    108.   Answering paragraph 108, Defendant denies the allegations contained

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1         9

DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

Exhibit 2
Page 9
Nevada Doc

1  therein.

2       109.   Answering paragraph 109, Defendant denies the allegations contained
3  therein.

4       110.   Answering paragraph 110, Defendant denies the allegations contained
5  therein.

6       111.   Answering paragraph 111, Defendant denies the allegations contained
7  therein.

8       112.   Answering paragraph 112, Defendant incorporates its responses to all
9  of the above paragraphs as though fully stated herein.

10      113.   Answering paragraph 113, Defendant admits the allegations contained
11  therein.

12      114.   Answering paragraph 114, Defendant admits the allegations contained
13  therein.

14      115.   Answering paragraph 115, Defendant denies the allegations contained
15  therein.

16      116.   Answering paragraph 116, Defendant admits the allegations contained
17  therein.

18      117.   Answering paragraph 117, Defendant denies the allegations contained
19  therein.

20      118.   Answering paragraph 118, Defendant denies the allegations contained
21  therein.

22      119.   Answering paragraph 119, Defendant denies the allegations contained
23  therein.

24      120.   Answering paragraph 120, Defendant denies the allegations contained
25  therein.

26      121.   Answering paragraph 121, Defendant denies the allegations contained
27  therein.

28      122.   Answering paragraph 122, Defendant denies the allegations contained

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1                                      10
DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

Exhibit 2
Page 10
Nelida Dec

1   therein.

2   123.   Answering paragraph 123, Defendant denies the allegations contained
3   therein.

4   124.   Answering paragraph 124, Defendant denies the allegations contained
5   therein.

6   125.   Answering paragraph 125, Defendant denies the allegations contained
7   therein.

8   126.   Answering paragraph 126, Defendant incorporates its responses to all
9   of the above paragraphs as though fully stated herein.

10   127.   Answering paragraph 127, Defendant denies the allegations contained
11   therein.

12   128.   Answering paragraph 128, Defendant denies the allegations contained
13   therein.

14   129.   Answering paragraph 129, Defendant denies the allegations contained
15   therein.

16   130.   Answering paragraph 130, Defendant denies the allegations contained
17   therein.

18   131.   Answering paragraph 131, Defendant denies the allegations contained
19   therein.

20   132.   Answering paragraph 132, Defendant denies the allegations contained
21   therein.

22   133.   Answering paragraph 133, Defendant denies the allegations contained
23   therein.

24   134.   Answering paragraph 134, no response is required.

25   135.   Answering paragraph 135, Defendant denies the allegations contained
26   therein.

27   ## PRAYER FOR RELIEF

28   136.   Defendant denies that Plaintiff is entitled to the requested relief or any

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Exhibit 2
Page 11
Nefulda D.

1 | other relief.

2 | ## FIRST AFFIRMATIVE DEFENSE

3 | 137. As a separate, affirmative defense, Defendant alleges that the
4 | Complaint, and each and every purported cause of action contained therein, fails to
5 | state complaints sufficient to constitute a cause of action.

6 | ## SECOND AFFIRMATIVE DEFENSE

7 | 138. As a separate, affirmative defense, Defendant alleges that the alleged
8 | actions of Defendant were proper and did not violate any provisions of 15 U.S.C.
9 | 1692, et seq.

10 | ## THIRD AFFIRMATIVE DEFENSE

11 | 139. As a separate, affirmative defense, Defendant alleges that at all times
12 | mentioned in the Complaint, Defendant acted lawfully and within its legal rights,
13 | with a good faith belief in the exercise of that right, and in the furtherance of a
14 | legitimate business purpose. Further, Defendant acted in good faith in the honest
15 | belief that the acts, conduct and communications, if any, of the Defendant were
16 | justified under the circumstances based on information reasonably available to this
17 | answering Defendant.

18 | ## FOURTH AFFIRMATIVE DEFENSE

19 | 140. As a separate and affirmative defense, Defendant alleges that the
20 | alleged actions of the Defendant were not accompanied by actual malice, intent or ill
21 | will.

22 | ## FIFTH AFFIRMATIVE DEFENSE

23 | 141. As a separate, affirmative defense, Defendant alleges that parking debts
24 | are not consumer debts and therefore, not subject to the Fair Debt Collection
25 | Practices Act, the CA Rosenthal Act, or the Fair Credit Reporting Act.

26 | ## SIXTH AFFIRMATIVE DEFENSE

27 | 142. As a separate, affirmative defense, assuming arguendo that this
28 | Defendant violated a statute alleged in the Complaint, which presupposition the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1
12
DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

Exhibit 2
Page 12
Nebulda De

1  Defendant denies, such violation was not intentional and resulted from a bona fide
2  error, notwithstanding the maintenance of procedures reasonably adapted to avoid
3  any such error.

**SEVENTH AFFIRMATIVE DEFENSE**

5  142. As a separate, affirmative defense, Defendant alleges that Plaintiff is
6  barred from any recovery against this answering Defendant by the doctrine of
7  laches.

**EIGHTH AFFIRMATIVE DEFENSE**

9  143. As a separate, affirmative defense, Defendant alleges that if Plaintiff
10 was damaged in any sum or sums alleged, which Defendant denies, Plaintiff failed
11 to mitigate damages.

**NINTH AFFIRMATIVE DEFENSE**

13 144. As a separate, affirmative defense, Defendant alleges that it, at all times
14 alleged in the Complaint, maintained reasonable procedures created to prevent any
15 type of intentional violations of the Fair Debt Collection Practices Act.

**TENTH AFFIRMATIVE DEFENSE**

17 145. As a separate, affirmative defense, Defendant alleges that the alleged
18 actions of Defendant were proper and did not violate any provision of California
19 Civil Code § 1788, et seq.

**ELEVENTH AFFIRMATIVE DEFENSE**

21 146. As a separate, affirmative defense, Defendant alleges that the alleged
22 actions of Defendant were proper and did not violate any provision of 15 U.S.C. §
23 1681, et seq.

**TWELFTH AFFIRMATIVE DEFENSE**

25 147. As a separate, affirmative defense, Defendant alleges that the alleged
26 actions of Defendant were proper and did not violate any provision of 47 U.S.C. §
27 227, et seq.

28

Exhibit 2
Page 13
Nefulda Dec

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1                    13
DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2      148.  As a separate, affirmative defense, Defendant alleges that the award of
3  statutory penalties against Defendant would violate the prohibition against excessive
4  fines of the United States Constitution.

5

## FOURTEENTH AFFIRMATIVE DEFENSE

6      149.  As a separate, affirmative defense, Defendant alleges that if Plaintiff
7  was damaged in any sum or sums alleged, which Defendant denies, Defendant's
8  alleged acts or omissions were not a proximate cause of said damages.

9

## FIFTEENTH AFFIRMATIVE DEFENSE

10      150.  As a separate, affirmative defense, Defendant alleges that because
11  Defendant had been assigned a debt owed by Plaintiff at the time it pulled Plaintiff's
12  credit report, it did not violate the FCRA, FDCPA or the Rosenthal Act.

13

## SIXTEENTH AFFIRMATIVE DEFENSE

14      151.  As a separate, affirmative defense, Defendant alleges that Plaintiff's
15  entire action is barred by the applicable statute of limitations.

16

## SEVENTEENTH AFFIRMATIVE DEFENSE

17      152.  As a separate, affirmative defense, Defendant alleges that it has
18  exercised due diligence and relied in good faith on the representations of others, and
19  was not aware of, or had no way of becoming aware of, any alleged wrongdoing or
20  omissions allegedly made or not disclosed.

21

## EIGHTEENTH AFFIRMATIVE DEFENSE

22      153.  As a separate, affirmative defense, Defendant alleges Plaintiff is barred,
23  in whole or in part, from maintaining his alleged causes of action because he
24  consented to receive calls of the type Defendant is alleged to have made.

25

## NINETEENTH AFFIRMATIVE DEFENSE

26      154.  As a separate, affirmative defense, Defendant alleges that Plaintiff
27  consented to and/or invited the conduct from which he seeks relief.

28

Exhibit 2
Page 14
Nefulda Dec

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1

14

DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

**1** **TWENTIETH AFFIRMATIVE DEFENSE**

**2**    155.    As a separate, affirmative defense, Defendant alleges that Plaintiff is

**3** estopped from recovering damages from Defendant by his own conduct.

**4** **TWENTIETH-FIRST AFFIRMATIVE DEFENSE**

**5**    156.    As a separate, affirmative defense, Defendant alleges that, at all times,

**6** it has complied with all requirements under the relevant statutes and regulations.

**7** **PRAYER**

**8**    Wherefore, Defendant requests:

**9**    1.    That this Court enter judgment in its favor as to each and every cause

**10** of action;

**11**    2.    To the extent allowed by law, the Court award Defendant its fees and

**12** costs; and

**13**    3.    Such further and other relief as the Court deems appropriate.

**14**    WHEREFORE, Defendant denies that Plaintiff is entitled to any relief in

**15** connection with the allegations contained in his Complaint, including, without

**16** limitation, the relief specified in Plaintiff's prayer for relief.

**17**    To the extent any allegation contained in Plaintiff's Complaint has not been

**18** specifically admitted herein, it is hereby denied. Defendant denies any allegation

**19** that may be implied by or inferred from the headings of Plaintiff's Complaint.

**20**

**21** DATED: April 18, 2014             LEWIS BRISBOIS BISGAARD & SMITH LLP

**22**

**23**

**24**                             By:     _/s/ Larissa G. Nefulda_
                                       Stephen H. Turner
**25**                                    Larissa G. Nefulda
                                       Attorneys for Defendant, UNION
**26**                                    ADJUSTMENT COMPANY, INC.

**27**

**28**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1                          15
DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

Exhibit 2
Page 15
Nefulda Dec