1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
STEPHEN H. TURNER, SB# 89627
2 |   E-Mail:  Stephen.Turner@lewisbrisbois.com
LARISSA G. NEFULDA, SB# 201903
3 |   E-Mail:  Larissa.Nefulda@lewisbrisbois.com
CHRISTOPHER M. HABASHY SB#280725
4 |   E-Mail:  Christopher.Habashy@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
5 | Los Angeles, California  90012
Telephone:  213.250.1800
6 | Facsimile:  213.250.7900

7 | Attorneys for Defendant, UNION
ADJUSTMENT COMPANY, INC.

8 |

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11 |

| | |
|---|---|
| 12  DEON THOMAS, | CASE NO. ED CV 13-01325 JFW (SPx) |
| 13      Plaintiff, | Judge John F. Walter |
| 14      vs. | Courtroom #16 |
| 15  UNION ADJUSTMENT COMPANY, INC., | **DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT** |
| 16      Defendant. | |
| 17 | DATE:      June 2, 2014 |
| 18 | TIME:      1:30 p.m.  CTRM:     16 |
| 19 | |
| 20 | Trial Date:     None Set |

21 | TO PLAINTIFF DEON THOMAS, PRO SE:

22 |     PLEASE TAKE NOTICE that on June 2, 2014, at 1:30 p.m., or as soon

23 | thereafter as the matter may be heard in Courtroom No. 16 of the United States

24 | District Court for the Central District of California, Western Division located at 312

25 | North Spring Street, Los Angeles, CA 90012, Defendant UNION ADJUSTMENT

26 | COMPANY, INC. ("Defendant") will and hereby move the Court pursuant to

27 | *Federal Rule of Civil Procedure* sections 55(c), 60(b)(1) and 60(b)(4) for an order

28 | setting aside the default and default judgment entered against Defendant.

1   On April 22, 2014, Defendant's counsel sent Plaintiff Deon Thomas a meet

2   and confer letter pursuant to Local Rule 7-3 regarding this Motion. Defendant's

3   counsel and Plaintiff discussed their respective positions regarding the Motion, but

4   were unable to come to a resolution. (*Nefulda Decl.*, ¶ 3, Ex. 1.)

5   This Motion to Vacate and Set Aside the Default and Default Judgment is

6   based upon this notice; the attached memorandum of points and authorities; the

7   declarations of Sarkis Semerjian, Glenda Menjivar, Debbie Rubinfeld, and Larissa

8   G. Nefulda; upon all the pleadings, records and files herein; and upon such other

9   oral and documentary evidence that may be presented at the time of the hearing on

10  this Motion.

11

12  DATED: May 2, 2014                    LEWIS BRISBOIS BISGAARD & SMITH LLP

13

14

15                                  By: _____*/s/ Larissa G Nefulda*_____

16                                       Larissa G. Nefulda
                                         Attorneys for Defendant, UNION
17                                       ADJUSTMENT CO, INC.

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-4601-2442.1                                    2
DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Deon Thomas, a litigious individual, filed a Complaint against Defendant Union Adjustment Company, Inc. ("Defendant") alleging that Defendant violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practice Act, Fair Credit Reporting Act, and the Telephone Consumer Protection Act.  However, Plaintiff never properly served his Complaint and a default judgment was entered against Defendant.  As a result, Defendant has and will continue to suffer irreparable harm because Plaintiff has levied its bank accounts pursuant to a complaint it never had a chance to defend.

Moreover, even if the Court determines that Defendant was properly served, the Court should set aside the default and default judgment on the basis of excusable neglect.  Plaintiff's process server merely left the summons and all related documents on a ledge in Defendant's place of business.  Defendant eventually discovered the documents, but for some reason did not log Plaintiff's Complaint in its database.  As a result, the deadline to respond to the Complaint was not calendared and Defendant did not respond.  Additionally, Defendant was never served with documents related to the Request for Entry of Default, the Clerk's entry of Default, both of Plaintiff's Motions for Default Judgments and the Writ of Execution.  The first time that Defendant learned about the judgment was when it received two letters from Wells Fargo on March 27, 2014 advising that monies were taken out to satisfy a judgment.  Defendant recognizes that it was negligent in the manner it handled this lawsuit, but its conduct was not willful.

Since Defendant was not properly served and Defendant has and will continue to suffer irreparable harm because Plaintiff has levied its bank accounts pursuant to a complaint it never had a chance to defend, the Court should grant Defendant's Motion to Set Aside the Default and Default Judgment.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## II.   BACKGROUND

Defendant, a California corporation is a collection agency, doing business since 1947.  On April 12, 2012, Defendant was assigned an account for collection of an outstanding parking citation.  (*Rubinfeld Decl.*, ¶4.)  The parking citation was issued on November 1, 2010 by the City of Moreno Valley to a Dodge bearing license plate number 8T28840, which was registered in Plaintiff's name.  (*Id.*)  Plaintiff filed an appeal with the Citation Processing Center.  (*Id.*)  However, the citation was upheld on appeal.  (*Id.*)

On April 13, 2012, Defendant sent a collection letter to Plaintiff.  (*Rubinfeld Decl.*, ¶5.)  On April 18 and 19, 2012, Plaintiff sent letters to Defendant requesting validation of the debt. (*Rubinfeld Decl.*, ¶6.)  Plaintiff's letters were sent via email and certified mail.  (*Id.*)  On April 19, 2012, after receipt of Plaintiff's letters via email, Defendant responded to Plaintiff by sending him validation of the debt, via certified mail, return receipt requested. (*Rubinfeld Decl.*, ¶7.)  On April 21, 2014, Plaintiff signed the receipt reflecting he received Defendant's April 19, 2012 letter. (*Id.*)

In July 2013, Plaintiff filed this lawsuit against Defendant. (*Rubinfeld Decl.*, ¶ 11.)  Plaintiff contends that he served Defendant with the Summons and Complaint in August 2013. (*Rubinfeld Decl.*, ¶ 12.)  However, Defendant contends that it was never properly served with the Summons and Complaint. (*Id.*)  Defendant contends that Plaintiff's process server merely left the summons and all related documents on a ledge in Defendant's place of business. (See *Menjivar Decl.*, ¶ 3.)  Defendant discovered the documents, but for some reason did not log Plaintiff's Complaint in its database.  As a result, Defendant did not timely respond to Plaintiff's Complaint. (See *Rubinfeld Decl.* ¶¶13-14)

Unbeknownst to Defendant, a default judgment was entered against Defendant on January 13, 2014. (*Rubinfeld Decl.*, ¶ 15.)  The very first time that Defendant became aware of the default judgment was on March 31, 2014, when it

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-4601-2442.1

4

DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT

1  received notice from its financial institution, Wells Fargo Bank, N.A. ("Wells

2  Fargo"), that monies were taken out of Defendant's accounts in order to satisfy a

3  judgment against Defendant. (*Id.*) Prior to receiving notice from Wells Fargo,

4  Defendant was not served with any pleading or document reflecting that a default or

5  default judgment had been entered against Defendant. (*Rubinfeld Decl.*, ¶ 16.) As

6  such, Defendant was unaware that Plaintiff was seeking a default judgment. (*Id.*)

7  Shortly after it received notice of the judgment from Wells Fargo, Defendant

8  promptly retained Lewis Brisbois Bisgaard & Smith to try to set the default

9  judgment aside. (*Rubinfeld Decl.*, ¶ 17.)

10

11  **III.   THE COURT IS EMPOWERED TO SET ASIDE A DEFAULT AND**

12  **DEFAULT JUDGMENT**

13      Pursuant to Federal Rules of Civil Procedure section 60(b)(4), a trial court has

14  the power to set aside a default and default judgment for lack of proper service.

15  Moreover, a trial court has the power to set aside a default judgment for various

16  reasons, including "mistake, inadvertence, surprise, or excusable neglect."

17

18      **A.   Because Defendant, a Corporation, Was Not Properly Served, The**

19          **Court Should Vacate The Default Judgment**

20      Pursuant to Federal Rules of Civil Procedure section 60(b)(4), a trial court has

21  the power to set aside a default judgment for lack of proper service. A motion for

22  relief from default may be granted where defendant (even if he or she had actual

23  notice) demonstrates defects in the service of process. See *SEC v. Internet Solutions*

24  *for Business Inc.* (2007) 509 F3d 1161, 1165-1166. Defects in service of process

25  render a judgment void and subject to direct attack by a motion for relief from

26  default. *Mason v. Genisco Technology Corp.* (1992) 960 F2d 849, 851.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1       **1.**     **<u>Because Plaintiff Did Not Serve An Authorized Individual of</u>**

2                   **<u>Defendant and Did Not Inform Anybody Whatsoever of The</u>**

3                   **<u>Contents of The Summons, Plaintiff Did Not Properly Serve</u>**

4                   **<u>Defendant and Thus The Judgment Is Void</u>**

5      A domestic corporation may be served with a summons by delivering a copy

6 of the summons and complaint to:

7          (a) the person designated as agent for service of process

8          (b) To the president, chief executive officer, or other head

9          of the corporation, a vice president, a secretary or assistant

10          secretary, a treasurer or assistant treasurer, a controller or

11          chief financial officer, a general manager, or a person

12          authorized by the corporation to receive service of process

13 CCP §416.10

14 Substituted service under CCP §415.20(a) is effected by:

15          Leaving a copy of the summons and complaint during

16          usual office hours in the office of the person to be served

17          or, if no physical address is known, at his or her usual

18          mailing address, other than a United States Postal Service

19          post office box, with the person apparently in charge of the

20          office; and mailing a copy of the summons and complaint

21          (by first-class mail, postage prepaid), addressed to the

22          person to be served at the place where a copy of the

23          summons and complaint was left.

24      In this case, Plaintiff did not properly serve Defendant.   Both proofs of

25 service filed by Plaintiff indicate that he served John Doe, a 5'7" male through

26 substituted service.  Plaintiff's process server did not obtain the name of the

27 individual because he merely left the summons and all related documents on a ledge.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  The individual described in Plaintiff's proofs of service is Sarkis Semerjian ("Mr.
2  Semerjian"), a part-time administrative assistant employee of Defendant. (*Sarkis*
3  *Decl.*, ¶ 1.) Mr. Semerjian is not an authorized person to accept service of process.
4  He is not the authorized agent on the California Secretary of State. (See *Sarkis*
5  *Decl.*, ¶ 2.) Moreover, he is not in charge of the office and he informed Plaintiff's
6  process server that he is not authorized to accept service. (See *Sarkis Decl.*, ¶ 2.) In
7  fact, Mr. Semerjian was never handed any documents and was never informed of the
8  contents of the documents that were supposedly served on him. (*Sarkis Decl.*, ¶ 4.)
9  Furthermore, Mr. Semerjian explained to the process server in Armenian, the
10  process server's native language, such policy and procedures of Union Adjustment
11  Company, Inc. (*Sarkis Decl.*, ¶ 2.) As such, Defendant was not properly served.

12  Moreover, the Court also notified Plaintiff twice that there were flaws in
13  Plaintiff's proofs of service when Plaintiff filed a request to enter a default. The
14  Court initially entered a notice of deficiency because Plaintiff did not provide a full
15  description of the individual that was served. (See Docket Number 12.)
16  Subsequently the Court entered another notice of deficiency of default/default
17  judgment because the proof of service was lacking required information, the name
18  of the person that was being served. (See Docket Number 15.) However, the Court
19  retracted this deficiency because Plaintiff alleged that Defendant was an unknown
20  entity in his Complaint. (See Docket Number 16.) Nevertheless, Plaintiff was well
21  aware that Defendant was a corporation. In fact, Plaintiff's process server indicated
22  that he was serving a corporation on the proof of service. (See Docket Number 13.)
23  Moreover, Plaintiff merely had to go to the California Secretary of State to realize
24  that Defendant was a corporation.

25  Because Plaintiff did not serve an authorized individual of Defendant and
26  never informed Defendant of the contents of the documents that were being served,
27  Plaintiff did not properly serve Defendant. As such, the Court should set aside the
28  default judgment.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-4601-2442.1

7

DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT

**B.** **Even If The Court Does Not Believe That The Judgment Is Void Pursuant to FRCP 60(b)(4), The Court Should Set Aside The Default Judgment Because Defendant's Failure To Respond Was A Result Of Excusable Neglect, Plaintiff Will Not Suffer Any Prejudice, and Defendant Has A Meritorious Defense**

A defendant seeking to set aside a default judgment normally must demonstrate "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(1) Excusable neglect in which the failure to comply with a filing deadline is attributable to negligence. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership* (1993) 507 US 380, 394. When a default judgment is challenged on the ground of "excusable neglect," the court has discretion to set aside the default on the good cause showing. *Brandt v. American Bankers Ins. Co. of Fla.* (2011) 653 F3d 1108,1112-1113. In exercising this discretion, the court considers the following factors: (1) whether default resulted from defendant's culpable conduct; (2) whether defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice Plaintiff. *Employee Painters' Trust v. Ethan Enterprises, Inc.* (2007) 480 F3d 993, 1000.

**1.** **Defendant's Failure to Respond to Plaintiff's Complaint was a Result of Excusable Neglect**

Here, Defendant's failure to respond to Plaintiff's Complaint was not willful but was solely the result of negligence. Defendant still contends that it was not properly served because Plaintiff's process server merely left Plaintiff's Complaint on a ledge. Glenda Menjivar ("Ms. Menjivar") found the documents and realized that it was a lawsuit. Ms. Menjivar then took the documents and gave them to Debbie Rubinfeld ("Ms. Rubinfeld"), Vice President of Legal Services for Defendant. (*Menjivar Decl.*, ¶ 3.) At that time, pursuant to Defendant's policy, Ms. Rubinfeld gave the documents to Defendant's attorney. (*Rubinfeld Decl.*, ¶ 14.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-4601-2442.1

8

DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT

1  Defendant's attorney was supposed to note the Summons and Complaint in

2  Defendant's database and calendar a response date. (*Id.*) However, due to mistake,

3  neglect and possibly a computer glitch, this was not done. (*Id.*) As a result

4  Defendant did not respond to Defendant's complaint.

5        Additionally, Defendant was never served with any documents related to the

6  Request for Entry of Default, the Clerk's entry of Default, both of Plaintiff's

7  Motions for Default Judgments. As such, Defendant was unaware that Plaintiff was

8  seeking a default judgment. The very first time that Defendant learned about the

9  judgment was when it received two letters from Wells Fargo on March 31, 2014

10  advising that monies were taken out of the accounts pursuant to the Notice of Levy

11  and Writ of Execution. Shortly thereafter, Defendant promptly retained Lewis

12  Brisbois Bisgaard & Smith to try to set the default judgment aside.

13        Defendant recognizes that it was negligent in the manner it handled this

14  lawsuit, but its conduct was not willful.

15

16          **2.**    **Plaintiff Will Not Suffer Any Prejudice if The Default**

17                 **Judgment Is Set Aside**

18        There is no prejudice to the plaintiff where the setting aside of the default has

19  done no harm to plaintiff except to require it to prove its case. See *TCI Group Life*

20  *Ins. Plan v. Knoebber* (2001) 244 F3d 691,701. Moreover, delay by itself is not

21  sufficient "prejudice" to plaintiff especially where the delay is minor and defendant

22  shows a meritorious defense. *Lacy v. Sitel Corp.* (2000) 227 F3d 290,293.

23        Here, Plaintiff will not suffer any prejudice if the default judgment is set

24  aside. The brief delay has not resulted in the loss of any evidence, Plaintiff is a *pro*

25  *se* and has not accrued any attorneys' fees. Furthermore, as set forth below,

26  Defendant has a meritorious defense.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### 3.   **Defendant Has a Meritorious Defense**

The party seeking relief from default bears the burden of showing a defense that might make the result at trial different than that reached by default. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.* (2004) 375 F3d 922, 926.

Here, Plaintiff is alleging that Defendant violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practice Act, and Fair Credit Reporting Act. However, the debt at issue is a parking violation and parking violations are not consumer debts. Thus, the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practice Act, and Fair Credit Reporting Act are inapplicable.

"Because not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a "debt" within the meaning of the statute. *Turner, et al. v. Cook, et al.*, 362 F.3d 1219, 1227 (9th Cir. 2003) (Citing *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001.) The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment." 15 U.S.C. § 1692a(5).

The FDCPA does not define the term "transaction." However, "transaction" involves a "consensual or contractual arrangement, not damage obligations thrust upon one as a result of no more than her own negligence." *Turner, et al. v. Cook, et al.*, 362 F.3d 1219, 1227-1228 (9th Cir. 2003) (Citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998)); *Fleming v Pickard, et al.*, 581 F.3d 922 (9th Cir. 2009) (A consensual transaction must be the basis for a transaction covered by the 15 U.S.C. Section 1692a(5)). "The FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Waters v. Howard*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-4601-2442.1
10
DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT

1 │ *Sommers Towing, Inc.*, 2011 U.S. Dist. LEXIS 41346 at \*20 (C.D. Cal. April 11,

2 │ 2011) (citing *Yazo v. Law Enforcement Sys.*, 2008 U.S. Dist. LEXIS 93345 at \*5

3 │ (C.D. Cal. Nov. 7, 2008); *See also Turner*, 362 F. 3d at 1227).  As such, a parking

4 │ violation is not a debt within the meaning of the FDCPA.

5 │   Moreover, even if a parking violation is considered a debt for the purposes of

6 │ the FDCPA, there is no requirement under the FDCPA for debt collectors to conduct

7 │ an independent investigation into the validity of the underlying claim prior to

8 │ commencing collection activities and, when collecting on accounts, a debt collector

9 │ may rely on information the creditor provides.  (See *Clark v. Capital Credit &*

10 │ *Collection Serv.*, 460 F.3d 1162, 1177 (9th Cir. 2006); *Jenkins v. Heintz*, 124 F.3d

11 │ 824, 833-34 (7th Cir. 1997); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th

12 │ Cir. 1992); *Owen v. I.C. System, Inc.*, 629 F. 3d 1263, 1276 (11th Cir. 2011).)

13 │   Plaintiff contends that Defendant violated the Telephone Consumer

14 │ Protection Act, 47 U.S.C. § 227, because Defendant contacted him using an

15 │ automatic telephone dialing system.  (*Complaint*, ¶ 29.)  As set forth in the

16 │ Declaration of Debbie Rosenfeld, Defendant does not make calls using an automatic

17 │ telephone dialing system, and Defendant did not call Plaintiff using an automatic

18 │ telephone dialing system at any time. (*Rubinfeld Decl.*, ¶ 18.)  Accordingly,

19 │ Defendant did not violate the Telephone Consumer Protection Act.

20 │     **4.** **Policy Favors The Court Setting Aside The Default**

21 │       **Judgment**

22 │   Default judgments are generally disfavored and cases ordinarily should be

23 │ decided on their merits. *In re Hammer* (1991) 940 F2d 524, 525.  Where the

24 │ defendant seeks timely relief from the default judgment and has a meritorious

25 │ defense, doubts should be resolved in favor of granting the motion to se aside the

26 │ judgment. *Id.*

27 │   In this case, Defendant did not have the opportunity to defend itself because

28 │ Plaintiff did not properly serve Defendant and its refusal to respond to the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Complaint was due to excusable neglect.  Moreover, as discussed above, Defendant

2  has a meritorious defense.

3

4  **IV.   CONCLUSION**

5       Because Defendant was not properly served and Defendant has and will

6  continue to suffer irreparable harm because Plaintiff has levied its bank accounts

7  pursuant to a complaint it never had a chance to defend, the Court should grant

8  Defendant's Motion to Set Aside the Default and Default Judgment.

9

10  DATED: May 2, 2014                    LEWIS BRISBOIS BISGAARD & SMITH LLP

11

12

13                                    By:    /s/ Larissa G. Nefulda

                                           Stephen H. Turner
14                                         Larissa G. Nefulda
                                           Christopher Habashy
15                                         Attorneys for Defendant, UNION
16                                         ADJUSTMENT COMPANY, INC.

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-4601-2442.1                          12
DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT

## DECLARATION OF DEBBIE RUBINFELD

I, Debbie Rubinfeld, declare as follows:

1.     I am the Vice President of Legal Services at Union Adjustment Company, Inc, a California corporation (hereinafter referred to as "UAC"). UAC is a collection agency with its principal place of business in Burbank, California.

2.     I am also a duly authorized custodian of records of the legal files, and books and records maintained by UAC. Said files record all events or occurrences at or near the time or their occurrence, and are recorded therein by personnel whose business it is to record said acts or occurrences. These employees work under my supervision or control, and the files are maintained in the ordinary and routine course of business.

3.     I have personal knowledge of the facts stated herein, or have gained knowledge of these facts from my review of the business books and records. If called upon to testify in this matter, I could and would competently testify as to the truthfulness of the matters contained herein.

4.     On April 12, 2012, UAC was assigned an account for collection of an outstanding parking citation. The parking citation was issued on November 1, 2010 by the City of Moreno Valley to a Dodge bearing license plate number 8T28840, which was registered in Plaintiff Deon Thomas' ("Plaintiff") name. Plaintiff filed an appeal with the Citation Processing Center. However, the citation was upheld on appeal.

5.     On April 13, 2012, UAC sent its first collection letter to Plaintiff.

6.     On April 18 and 19, 2012, Plaintiff sent letters to UAC requesting validation of the debt. Plaintiff's letters were sent via email and certified mail.

7.     On April 19, 2012, after receipt of Plaintiff's letters via email, UAC responded to Plaintiff by sending Plaintiff validation of the debt, via certified mail, return receipt requested. On April 21, 2012, Plaintiff signed the receipt reflecting he received UAC's April 19, 2012 letter.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

8. On April 24, 2012, Plaintiff sent another letter to UAC to advise that the validation UAC sent to Plaintiff on April 19, 2012 was not sufficient, because the validation did not meet Plaintiff's demands. Plaintiff sent a similar letter on April 19, 2013.

9. On July 8, 2013, Plaintiff sent a letter entitled "Notice of Pendency of Litigation."

10. On August 1, 2013, UAC's attorney, Lloyd Douglas Dix of Dix & Associates, sent a letter to Plaintiff in response to Plaintiff's July 8, 2013 letter. The letter explained why UAC's collection efforts, including the validation sent to Plaintiff on April 19, 2012, was proper and in accordance with the law. Attached hereto as Exhibit "1" is a true and correct copy of the document sent by Mr. Dix on behalf of UAC.

11. In July 2013, Plaintiff filed a lawsuit against UAC for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; California Rosenthal Act, *CA Civil Code* § 1788, *et seq.*; Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

12. Plaintiff contends that he served UAC with the Summons and Complaint in August 2013. However, UAC disputes that it was properly served.

13. In August 2013, Glenda Menjivar, the receptionist at UAC, found the Summons and Complaint on UAC's counter ledge of UAC's lobby. Ms. Menjivar then gave the documents to me.

14. Pursuant to UAC's policy, I gave the documents to UAC's attorney, Mr. Dix. Mr. Dix was suppose to note the Complaint in UAC's database and calendar a response date. However, due to mistake, neglect and possibly a computer glitch, this was not done. As a result UAC did not respond to the Complaint.

15. Unbeknownst to UAC, a default judgment was entered against UAC on January 13, 2014. The very first time that UAC became aware of the default

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  judgment was on March 31, 2014, when it received notice from its financial
2  institution, Wells Fargo Bank, N.A. ("Wells Fargo"), that monies were taken out of
3  UAC accounts in order to satisfy a judgment against UAC.

4      16.  Prior to receiving notice from Wells Fargo, UAC was not served with
5  any pleading or document reflecting that a default or default judgment had been
6  entered against UAC. As such, UAC was unaware that Plaintiff was seeking a
7  default judgment.

8      17.  Shortly after it received notice of the judgment from Wells Fargo,
9  Defendant promptly retained Lewis Brisbois Bisgaard & Smith to try to set the
10  default judgment aside.

11      18.  Plaintiff alleges that UAC violated the Telephone Consumer Protection
12  Act, 47 U.S.C. § 227, because UAC contacted him using an auto dialer. UAC does
13  not make calls using an auto dialer, and UAC did not call Plaintiff using an auto
14  dialer at any time.

15      I declare under penalty of perjury under the laws of the State of California
16  and the United States of America that the foregoing is true and correct and that this
17  declaration was executed on April __ 2014, at Burbank, California.

18

19                                          Debbie Rubinfeld

20

21

22

23

24

25

26

27

28

4837-6717-0330.1                                15

EXHIBIT "1" TO
DECLARATION OF DEBBIE RUBINFELD

**Dix & Associates**
A Professional Law Corporation
22287 Mulholland Hwy.
PMB 414
Calabasas, CA 91302

Lloyd Douglas Dix *⁺
Ruth Levey
Julian A. Dix (retd.)

*Also admitted to Florida and Arizona. Board Certified by Arizona
⁺Also admitted to Florida Bar; Admitted in Arizona. Board Certified by Nevada

Of Counsel
Franklin J. Love

TELEPHONE
(818) 876-9000

FACSIMILE
(818) 876-9030

EMAIL
office@dixandassociates.com

I August 2013

**CLIENT COPY**

Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555

*via electronic and U.S. Mail*

Re:   Our client:     Union Adjustment Company
      Various Open Issues

Dear Mr. Thomas:

Please be advised that this office is General Counsel to Union Adjustment Company, Inc., (hereinafter referred to as "UAC"). Kindly notate your files as such, and direct all further communications regarding this matter in care of this office. Your letters of 18 April 2012, 19 April 2012, 24 April 2012, 19 April 2013, and 8 July 2013 directed to my client, have been referred to this office for investigation and response. I have now had an opportunity to conduct an investigation, and specifically to review the computer notes as maintained by my client, in addition to speaking with my client. I have also had an opportunity to receive additional information from my client's assignor. Please allow this correspondence to detail the results of my investigation and review.

On or about 1 November 2010 a parking citation was issued by the City of Moreno Valley bearing citation number: MV301101040. The citation was issued to a Dodge bearing license plate number: 8128840, and which was registered in your name. The ticket was issued at an address which is known to be adjacent to yours. My client's assignor also advises, that you filed an appeal with regard to the citation, and that the citation was upheld on appeal.

You did not pay the citation, and on or about 12 April 2012 the delinquent account was assigned to my client for collection. That same day, a First Notice as required by the FDCPA was sent to you. You admit that you received this Notice on 18 April 2012, in each of the (2) letters you wrote to my client on 18 April 2012 and 19 April 2012, respectively. Both of these letters also requested validation of the debt.

On 19 April 2012, after receipt of your correspondence by electronic mail, UAC sent the

Exhibit /
Page /
Rubink /st Dec

**Bix & Associates**
a Professional Law Corporation

Deon L. Thomas
1 August 2013
Page 2

validation as required by law. Specifically, it sent a printout detailing the all of the above-identifying information regarding the citation, with the exception of the information regarding the appeal. This information was sent certified mail, return receipt requested. You signed for this correspondence with validation enclosed, on 21 April 2012. Your 24 April 2012 letter also acknowledges the receipt of this information.

Thereafter, your letter of 24 April 2012 alleges that my client's validation of the debt was not sufficient, because it did not meet all of your demands. Specifically, you had demanded that my client provide various documentation and execute a declaration under penalty of perjury. When my client chose to promptly comply with applicable law, as opposed to those extraneous, overburdensome and erroneous demands contained in your letter, you unilaterally reached the decision that my client had violated the Federal Fair Debt Collections Practices Act (hereinafter "FDCPA" or "the FDCPA"). Nothing could be further from the truth.

In California, the Ninth Circuit explained the objective of verification, and explained the minimum requirement. In *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006) the Court stated:

"...[W]e adopt as a baseline the more reasonable standard articulated by the Fourth Circuit in *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir.1999). At the minimum, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." Id. at 406 (citing *Azar v. Hayter*, 874 F.Supp. 1314, 1317 (N.D.Fla.), aff'd, 66 F.3d 342 (11th Cir.1995)).

[Emphasis added.]

Cases have held that supplying the debtor with itemized statements, copies of invoices and the like, are all acceptable means of validating the debt. In the case at bar, you were supplied with all of the information regarding the citation, and you received confirmation in writing that the amount being demanded is that which the creditor claims is owed. If you believe that my client failed to comply with the law in any manner, I challenge you to direct me to any case, statute, rule, regulation, or other authority which states that my client has not complied.

The letters that you have sent, contain erroneous demands that are readily found on the internet. These demands typically advise, that you should request large volumes of documentation, including the very information you have requested in your letters. Unfortunately these internet suggestions are completely unsupported by law. There is absolutely no legal basis for my client to provide any of the extraneous information you have requested. Since my client was under no duty to provide any additional information, it has complied with every law, statute, and regulation, and any such allegation that it has failed to do so, is completely frivolous, and actionable by my client.

Exhibit 1
Page 2
Rubinfeld Dec

Dix & Associates
A PROFESSIONAL LAW CORPORATION

Deon L. Thomas
1 August 2013
Page 3

From 26 April 2012 until 24 April 2013, a period of almost a full year my client was in receipt of several credit disputes from the credit bureaus, but nothing directly from you. Each of the credit bureau disputes indicated that you were not the person whose name was on the account. Every time my client received the dispute, it would match the information against the account and determined that you were the person identified in the assigned account.

On 19 April 2013 you sent another letter to my client. That letter was received on or about 24 April 2013, and again states that my client is in violation because it failed to validate the debt. Thereafter my client heard nothing further from you for approximately two (2) months.

On or about 8 July 2013 you wrote an additional letter entitled "Notice of Pendency of Litigation". Your letter alleged that my client violated the FDCPA because it had not validated the debt. It had. Your letter falsely claimed that my client cannot request payment within the thirty (30) day period. In 2006 the FDCPA was specifically amended to provide for collection activities in the first thirty (30) days. You have demanded the sum of twelve thousand dollars ($ 12,000).

The collection agency is entitled to rely on the information which it is provided.

> "... Capital and Hasson were entitled to rely on their client's statements to verify the debt. Accord *Bleich v. Revenue Maximization Group, Inc.*, 233 F. Supp.2d 496, 500-01 (E.D.N.Y. 2002), *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991) ("Generally, a debt collector may reasonably rely upon information provided by a creditor who has provided accurate information in the past."). Moreover, the FDCPA did not impose upon them any duty to investigate independently the claims presented by Dr. Evans. Accord *Ducrest v. Alco Collections, Inc.*, 931 F. Supp. 459, 462 (M.D. La. 1996). Capital's and Hasson's actions, then, satisfied the requirement that they confirm with their client the particular amount being claimed, *Chaudhry*, 174 F.3d at 406 (holding that debt collectors do not have to "vouch for the validity of the underlying debt"), and they did not violate §§ 1692g(a)(4) or 1692g(b). No reasonable trier of fact could conclude otherwise."

*Capital, supra,* at 10156.

Under the circumstances my client must decline your settlement offer. Furthermore, should you persist in prosecuting the frivolous Complaint, it is my client's intention to seek all appropriate legal remedies, including but limited to, a request for reimbursement of its court costs and attorney's fees. This request may be in addition to and/or in place of, a separate action for malicious civil litigation. I truly hope that this will not be necessary.

Finally, Federal and/or State law may require that I advise you that this office is a debt

Exhibit 1
Page 2
Rubinfeld DEC

# Dix & Associates
### a professional law corporation

Deon L. Thomas
1 August 2013
Page 4

collector. This is an attempt to collect a debt and any information obtained will be used for this purposed.

    Thank you very much for your anticipated courtesy and cooperation in this matter. Of course, should different or further information be required, please do not hesitate to contact me.

Sincerely yours,
DIX & ASSOCIATES, APLC

Lloyd Douglas Dix

LDD/ms
cc: client; file

Exhibit 1
Page 3
Rubinfeld Dec.

## DECLARATION OF GLENDA MENJIVAR

I, Glenda Menjivar, declare as follows:

1.      I am a receptionist at Union Adjustment Company, Inc, a California corporation (hereinafter referred to as "UAC"). I have been employed with UAC since January 6, 2012.

2.      I have personal knowledge of the facts stated herein. If called upon to testify in this matter, I could and would competently testify as to the truthfulness of the matters contained herein.

3.      In August 2013, I found documents on the counter ledge of UAC's lobby. I picked up the documents and read that they were a Summons and Complaint in this case. I gave the documents to Debbie Rubinfeld.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on April 18, 2014, at Burbank, California.

Menjivar Glenda

Glenda Menjivar

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# DECLARATION OF SARKIS SEMERJIAN

1.     I, Sarkis Semerjian, declare that I am a part-time employee of Defendant UNION ADJUSTMENT COMPANY, INC. ("UAC"). I am a part-time administrative assistant for UAC. I have been employed with UAC since 2007. I am familiar with the facts set forth in this declaration by my own knowledge and if called upon I could and would competently testify thereto.

2.     Sometime during the summer of 2013, I recall an Armenian gentleman who came to UAC and asked for Nathan Rubinfeld and Debbie Rubinfeld. I informed him that neither were available. It seemed to me that he was trying to serve me with some type of documents. Therefore, I proceeded to tell him in Armenian, the process server's native language, about the policies and procedures of UAC. I told him that I was not authorized to accept service and that he needed to go on the California Secretary of State website to see who is authorized to accept service. He subsequently left.

3.     The same Armenian gentleman returned to UAC the next day. Once again he asked for Nathan Rubinfeld or Debbie Rubinfeld. I again informed him that they were not available. I again informed him that I am not authorized to accept service. The gentleman proceeded to leave.

4.     The Armenian gentleman never handed me any documents.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on April 18, 2014, at Burbank, California.

Sarkis Semerjan

4837-6717-0330.1                                    17

DECLARATION OF LARRISA G. NEFULDA

## DECLARATION OF LARISSA G. NEFULDA

I, LARISSA G. NEFULDA, declare as follows:

1.     I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant, Union Adjustment Company, Inc. ("UAC"). The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2.     On April 8 and April 9, 2014, I spoke with Plaintiff Deon Thomas ("Plaintiff"). During our conversation, I informed Plaintiff that my firm was recently retained to represent UAC in this action. I also advised Plaintiff that we would be filing a motion to set aside the default judgment entered against UAC on the grounds that the Summons and Complaint were improperly served.

3.     On April 22, 2014, I sent Plaintiff a meet and confer letter via email and U.S. Mail relating to a motion to set aside the default and default judgment that UAC intended to file.  Attached hereto as Exhibit 1 is a true and correct copy of the letter.  On April 29, 2014, Plaintiff and I met and conferred via telephone.  We were unable to come to a resolution.

4.     Attached hereto as Exhibit 2 is the Answer that will be filed on behalf of UAC should the Court set aside the default and default judgment.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on May 2, 2014, at Los Angeles, California.


_____/s/Larissa G. Nefulda_____

Larissa G. Nefulda

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-4601-2442.1
18
DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT

EXHIBIT "1" TO
DECLARATION OF LARRISA G. NEFULDA

## LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Fax: 213.250.7900
www.lewisbrisbois.com

**LARISSA G. NEFULDA**
DIRECT DIAL: 213.580.7933
LARISSA.NEFULDA@LEWISBRISBOIS.COM

April 22, 2014

File No.
33333.333

**VIA EMAIL AND U.S. MAIL**
Deon Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
E-Mail: dlthomas32@gmail.com

Re:    Deon Thomas v. Union Adjustment Company, Inc.

Dear Mr. Thomas:

Pursuant to California Central District, Rule 7-3, we provide this letter to facilitate the required meet and confer process, prior to filing Defendant Union Adjustment Company, Inc.'s (UAC) Motion to Set Aside the Default Judgment.

As we have previously discussed on April 8 and 9, 2014 by telephone and as set forth in my April 10, 2014 correspondence to you, UAC believes that the default judgment entered against it was improper because it was not properly served with the Summons and Complaint. Please be advised that UAC will be filing a Motion to Set Aside the Default Judgment on these grounds. In the alternative, UAC will argue that its failure to file a responsive pleading was based solely on "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(1) Additionally, UAC has meritorious defenses in the action. For instance, UAC contends that the parking citation which is the subject of your Complaint is not a consumer debt and therefore, the Fair Debt Collection Practices Act and the Rosenthal Act are inapplicable. Furthermore, UAC does not use an automatic telephone dialing system, and Defendant did not call Plaintiff using an automatic telephone dialing system at any time. Accordingly, Defendant did not violate the Telephone Consumer Protection Act.

ATLANTA • BEAUMONT • BOSTON • CHARLESTON • CHICAGO • DALLAS • DENVER • FORT LAUDERDALE • HOUSTON • LA QUINTA • LAFAYETTE • LAS VEGAS • LOS ANGELES • MADISON COUNTY

NEW ORLEANS • NEW YORK • NEWARK • ORANGE COUNTY • PHILADELPHIA • PHOENIX • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • SEATTLE • TAMPA • TEMECULA • TUCSON

4836-3383-3242.1

Deon Thomas
April 22, 2014
Page 2

If you would like to discuss the Motion to Set Aside the Default Judgment, please contact me before May 1, 2014.

Very truly yours,

Larissa G. Nefulda of
LEWIS BRISBOIS BISGAARD & SMITH LLP

LGN
cc:     Stephen H. Turner, Esq.
        Christopher Habashy, Esq.

EXHIBIT "2" TO
DECLARATION OF LARRISA G. NEFULDA

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   STEPHEN H. TURNER, SB# 89627
2     E-Mail: Stephen.Turner@lewisbrisbois.com
   LARISSA G. NEFULDA, SB# 201903
3     E-Mail: Larissa.Nefulda@lewisbrisbois.com
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Defendant, UNION
   ADJUSTMENT COMPANY, INC.

7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 DEAN THOMAS,                    CASE NO. ED CV 13-01325 JFW
                                   (SPx)
12           Plaintiff,
                                   **DEFENDANT UNION
13   vs.                           ADJUSTMENT COMPANY, INC.'S
                                   ANSWER TO COMPLAINT**
14 UNION ADJUSTMENT COMPANY,
   INC.,
15
             Defendant.
16

17       Defendant UNION ADJUSTMENT COMPANY, INC. ("Defendant") for

18 themselves and no other defendant.  Defendant answers Plaintiff DEAN THOMAS'

19 ("Plaintiff") Complaint as follows:

20       1.    Answering paragraph 1, Defendant admits that Plaintiff brought an

21 action for alleged damages arising out of the Fair Debt Collection Practices Act, 15

22 U.S.C. § 1692, et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act

23 ("RFDCPA"), CA *Civil Code* § 1788, et seq., Fair Credit Reporting Act ("FCRA"),

24 15 U.S.C. § 1681, and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et*

25 *seq.*  Defendant denies that it violated any of the aforementioned statutes.

26       2.    Answering paragraph 2, Defendant lacks sufficient information and

27 belief on which to either admit or deny the allegations and on that basis denies each

28 and every allegation.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1

DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

1   3.   Answering paragraph 3, Defendant denies the allegations contained
2   therein.

3   4.   Answering paragraph 4, Defendant denies the allegations contained
4   therein.

5   5.   Answering paragraph 5, no response is required.

6   6.   Answering paragraph 6, no response is required.

7   7.   Answering paragraph 7, no response is required.

8   8.   Answering paragraph 8, Defendant admits that this Court has
9   jurisdiction.

10   9.   Answering paragraph 9, Defendant admits that venue is proper.

11   10.   Answering paragraph 10, Defendant lacks sufficient information and
12   belief on which to either admit or deny the allegations and on that basis denies each
13   and every allegation.

14   11.   Answering paragraph 11, Defendant admits that venue is proper.

15   12.   Answering paragraph 12, Defendant admits that Plaintiff is Deon
16   Thomas.  As to the remaining allegations, Defendant lacks sufficient information
17   and belief on which to either admit or deny the allegations and on that basis denies
18   the allegations.

19   13.   Answering paragraph 13, Defendant admits that it is a collection
20   agency and that it is a defendant in this lawsuit.

21   14.   Answering paragraph 14, Defendant admits that Plaintiff is a natural
22   adult person.  As to the remaining allegations, Defendant lacks sufficient
23   information and belief on which to either admit or deny the allegations and on that
24   basis denies the allegations.

25   15.   Answering paragraph 15, Defendant admits that it attempted to collect
26   an outstanding parking citation from Plaintiff.  Defendant denies that parking
27   citations are consumer debts under the Fair Debt Collection Practices Act, the CA
28   Rosenthal Act, or the Fair Credit Reporting Act.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    16.    Answering paragraph 16, Defendant admits that it is a collection
2    agency.

3    17.    Answering paragraph 17, Defendant denies that it is a furnisher of
4    information as that term is described in the Fair Credit Reporting Act.

5    18.    Answering paragraph 18, Defendant admits the allegations contained
6    therein.

7    19.    Answering paragraph 19, Defendant admits the allegations contained
8    therein.

9    20.    Answering paragraph 20, Defendant admits the allegations contained
10   therein.

11   21.    Answering paragraph 21, Defendant denies the allegations contained
12   therein.

13   22.    Answering paragraph 22, Defendant admits it received correspondence
14   from Plaintiff.

15   23.    Answering paragraph 23, Defendant admits it received correspondence
16   from Plaintiff.

17   24.    Answering paragraph 24, Defendant admits it sent correspondence to
18   Plaintiff.  As for the remaining allegations, Defendant denies the allegations.

19   25.    Answering paragraph 25, Defendant admits it sent correspondence to
20   Plaintiff.  As for the remaining allegations, Defendant denies the allegations.

21   26.    Answering paragraph 26, Defendant denies the allegations contained
22   therein.

23   27.    Answering paragraph 27, Defendant denies the allegations contained
24   therein.

25   28.    Answering paragraph 28, Defendant admits it received correspondence
26   from Plaintiff.  As for the remaining allegations, Defendant denies the allegations.

27   29.    Answering paragraph 29, Defendant admits that it contacted Plaintiff
28   by telephone.  As for the remaining allegations, Defendant denies the allegations.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1                                    3
DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

1      30.    Answering paragraph 30, Defendant denies the allegations contained

2  therein.

3      31.    Answering paragraph 31, Defendant denies the allegations contained

4  therein.

5      32.    Answering paragraph 32, Defendant denies the allegations contained

6  therein.

7      33.    Answering paragraph 33, Defendant denies the allegations contained

8  therein.

9      34.    Answering paragraph 34, Defendant lacks sufficient information to

10  admit or deny the allegations contained therein and on that basis denies such

11  allegations.

12      35.    Answering paragraph 35, Defendant lacks sufficient information to

13  admit or deny the allegations contained therein and on that basis denies such

14  allegations.

15      36.    Answering paragraph 36, Defendant denies the allegations contained

16  therein.

17      37.    Answering paragraph 37, Defendant lacks sufficient information to

18  admit or deny the allegations contained therein and on that basis denies such

19  allegations.

20      38.    Answering paragraph 38, Defendant lacks sufficient information to

21  admit or deny the allegations contained therein and on that basis denies such

22  allegations.

23      39.    Answering paragraph 39, Defendant lacks sufficient information to

24  admit or deny the allegations contained therein and on that basis denies such

25  allegations.

26      40.    Answering paragraph 40, Defendant lacks sufficient information to

27  admit or deny the allegations contained therein and on that basis denies such

28  allegations.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   41.   Answering paragraph 41, Defendant lacks sufficient information to

2   admit or deny the allegations contained therein and on that basis denies such

3   allegations.

4   42.   Answering paragraph 42, Defendant denies that it reported false and

5   erroneous information.

6   43.   Answering paragraph 43, Defendant admits that it received

7   correspondence from Plaintiff.  As for the remaining allegations, Defendant denies

8   the allegations.

9   44.   Answering paragraph 44, Defendant admits that it received

10   correspondence from Plaintiff.  As for the remaining allegations, Defendant denies

11   the allegations.

12   45.   Answering paragraph 45, Defendant admits that it received

13   correspondence from Plaintiff.  As for the remaining allegations, Defendant denies

14   the allegations.

15   46.   Answering paragraph 46, Defendant responds at the document speaks

16   for itself.

17   47.   Answering paragraph 47, Defendant denies the allegations contained

18   therein.

19   48.   Answering paragraph 48, Defendant denies the allegations contained

20   therein.

21   49.   Answering paragraph 49, Defendant denies the allegations contained

22   therein.

23   50.   Answering paragraph 50, Defendant lacks sufficient information to

24   admit or deny the allegations contained therein and on that basis denies such

25   allegations.

26   51.   Answering paragraph 51, Defendant denies that it reported false and

27   erroneous information.

28   52.   Answering paragraph 52, Defendant denies the allegations contained

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | therein.

2 |      53.     Answering paragraph 53, Defendant denies the allegations contained
3 | therein.

4 |      54.     Answering paragraph 54, Defendant denies the allegations contained
5 | therein.

6 |      55.     Answering paragraph 55, no response is required.

7 |      56.     Answering paragraph 56, Defendant denies the allegations contained
8 | therein.

9 |      57.     Answering paragraph 57, Defendant denies that it reported false and
10 | erroneous information.

11 |      58.     Answering paragraph 58, Defendant denies the allegations contained
12 | therein.

13 |      59.     Answering paragraph 59, Defendant denies the allegations contained
14 | therein.

15 |      60.     Answering paragraph 60, Defendant denies the allegations contained
16 | therein.

17 |      61.     Answering paragraph 61, Defendant denies the allegations contained
18 | therein.

19 |      62.     Answering paragraph 62, Defendant denies the allegations contained
20 | therein.

21 |      63.     Answering paragraph 63, Defendant admits that based on the
22 | information provided to it by its client, the debt is valid.

23 |      64.     Answering paragraph 64, no response is required.

24 |      65.     Answering paragraph 65, Defendant denies the allegations contained
25 | therein.

26 |      66.     Answering paragraph 66, Defendant lacks sufficient information to
27 | admit or deny the allegations contained therein and on that basis denies such
28 | allegations.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    67.    Answering paragraph 67, Defendant lacks sufficient information to

2  admit or deny the allegations contained therein and on that basis denies such

3  allegations.

4    68.    Answering paragraph 68, Defendant lacks sufficient information to

5  admit or deny the allegations contained therein and on that basis denies such

6  allegations.

7    69.    Answering paragraph 69, Defendant denies the allegations contained

8  therein.

9    70.    Answering paragraph 70, Defendant denies the allegations contained

10  therein.

11    71.    Answering paragraph 71, Defendant denies the allegations contained

12  therein.

13    72.    Answering paragraph 72, Defendant denies the allegations contained

14  therein.

15    73.    Answering paragraph 73, Defendant incorporates its responses to all of

16  the above paragraphs as though fully stated herein.

17    74.    Answering paragraph 74, Defendant lacks sufficient information to

18  admit or deny the allegations contained therein and on that basis denies such

19  allegations.

20    75.    Answering paragraph 75, Defendant denies the allegations contained

21  therein.

22    76.    Answering paragraph 76, Defendant admits the allegations contained

23  therein.

24    77.    Answering paragraph 77, Defendant admits the allegations contained

25  therein.

26    78.    Answering paragraph 78, Defendant admits the allegations contained

27  therein.

28    79.    Answering paragraph 79, Defendant admits the allegations contained

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1                                          7

DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

1  therein.

2      80.     Answering paragraph 80, Defendant denies the allegations contained

3  therein.

4      81.     Answering paragraph 81, Defendant denies the allegations contained

5  therein.

6      82.     Answering paragraph 82, Defendant denies the allegations contained

7  therein.

8      83.     Answering paragraph 83, Defendant denies the allegations contained

9  therein.

10     84.     Answering paragraph 84, Defendant denies the allegations contained

11  therein.

12     85.     Answering paragraph 85, Defendant denies the allegations contained

13  therein.

14     86.     Answering paragraph 86, Defendant denies the allegations contained

15  therein.

16     87.     Answering paragraph 87, no response is required.

17     88.     Answering paragraph 88, Defendant incorporates its responses to all of

18  the above paragraphs as though fully stated herein.

19     89.     Answering paragraph 89, Defendant denies the allegations contained

20  therein.

21     90.     Answering paragraph 90, Defendant denies the allegations contained

22  therein.

23     91.     Answering paragraph 91, Defendant admits the allegations contained

24  therein.

25     92.     Answering paragraph 92, Defendant admits the allegations contained

26  therein.

27     93.     Answering paragraph 93, Defendant admits the allegations contained

28  therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1       94.     Answering paragraph 94, Defendant denies the allegations contained
2   therein.

3       95.     Answering paragraph 95, Defendant denies the allegations contained
4   therein.

5       96.     Answering paragraph 96, Defendant denies the allegations contained
6   therein.

7       97.     Answering paragraph 97, Defendant denies the allegations contained
8   therein.

9       98.     Answering paragraph 98, Defendant admits that it communicated with
10  Plaintiff multiple times before the lawsuit was filed.  Defendant denies any liability.

11      99.     Answering paragraph 99, no response is required.

12      100.    Answering paragraph 100, Defendant incorporates its responses to all
13  of the above paragraphs as though fully stated herein.

14      101.    Answering paragraph 101, Defendant denies the allegations contained
15  therein.

16      102.    Answering paragraph 102, Defendant admits the allegations contained
17  therein.

18      103.    Answering paragraph 103, Defendant denies the allegations contained
19  therein.

20      104.    Answering paragraph 104, Defendant denies that its calls to Plaintiff
21  were improper.

22      105.    Answering paragraph 105, Defendant denies the allegations contained
23  therein.

24      106.    Answering paragraph 106, Defendant denies the allegations contained
25  therein.

26      107.    Answering paragraph 107, Defendant denies the allegations contained
27  therein.

28      108.    Answering paragraph 108, Defendant denies the allegations contained

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1                                           9
DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

1  therein.

2      109.   Answering paragraph 109, Defendant denies the allegations contained
3  therein.

4      110.   Answering paragraph 110, Defendant denies the allegations contained
5  therein.

6      111.   Answering paragraph 111, Defendant denies the allegations contained
7  therein.

8      112.   Answering paragraph 112, Defendant incorporates its responses to all
9  of the above paragraphs as though fully stated herein.

10      113.   Answering paragraph 113, Defendant admits the allegations contained
11  therein.

12      114.  Answering paragraph 114, Defendant admits the allegations contained
13  therein.

14      115.   Answering paragraph 115, Defendant denies the allegations contained
15  therein.

16      116.   Answering paragraph 116, Defendant admits the allegations contained
17  therein.

18      117.   Answering paragraph 117, Defendant denies the allegations contained
19  therein.

20      118.   Answering paragraph 118, Defendant denies the allegations contained
21  therein.

22      119.   Answering paragraph 119, Defendant denies the allegations contained
23  therein.

24      120.   Answering paragraph 120, Defendant denies the allegations contained
25  therein.

26      121.   Answering paragraph 121, Defendant denies the allegations contained
27  therein.

28      122.   Answering paragraph 122, Defendant denies the allegations contained

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1                                    10
DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

1 therein.

2   123.   Answering paragraph 123, Defendant denies the allegations contained
3 therein.

4   124.   Answering paragraph 124, Defendant denies the allegations contained
5 therein.

6   125.   Answering paragraph 125, Defendant denies the allegations contained
7 therein.

8   126.   Answering paragraph 126, Defendant incorporates its responses to all
9 of the above paragraphs as though fully stated herein.

10   127.   Answering paragraph 127, Defendant denies the allegations contained
11 therein.

12   128.   Answering paragraph 128, Defendant denies the allegations contained
13 therein.

14   129.   Answering paragraph 129, Defendant denies the allegations contained
15 therein.

16   130.   Answering paragraph 130, Defendant denies the allegations contained
17 therein.

18   131.   Answering paragraph 131, Defendant denies the allegations contained
19 therein.

20   132.   Answering paragraph 132, Defendant denies the allegations contained
21 therein.

22   133.   Answering paragraph 133, Defendant denies the allegations contained
23 therein.

24   134.   Answering paragraph 134, no response is required.

25   135.   Answering paragraph 135, Defendant denies the allegations contained
26 therein.

27 **PRAYER FOR RELIEF**

28   136.   Defendant denies that Plaintiff is entitled to the requested relief or any

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | other relief.

2 | <center>**FIRST AFFIRMATIVE DEFENSE**</center>

3 | 137.  As a separate, affirmative defense, Defendant alleges that the
4 | Complaint, and each and every purported cause of action contained therein, fails to
5 | state complaints sufficient to constitute a cause of action.

6 | <center>**SECOND AFFIRMATIVE DEFENSE**</center>

7 | 138.  As a separate, affirmative defense, Defendant alleges that the alleged
8 | actions of Defendant were proper and did not violate any provisions of 15 U.S.C.
9 | 1692, et seq.

10 | <center>**THIRD AFFIRMATIVE DEFENSE**</center>

11 | 139. As a separate, affirmative defense, Defendant alleges that at all times
12 | mentioned in the Complaint, Defendant acted lawfully and within its legal rights,
13 | with a good faith belief in the exercise of that right, and in the furtherance of a
14 | legitimate business purpose.  Further, Defendant acted in good faith in the honest
15 | belief that the acts, conduct and communications, if any, of the Defendant were
16 | justified under the circumstances based on information reasonably available to this
17 | answering Defendant.

18 | <center>**FOURTH AFFIRMATIVE DEFENSE**</center>

19 | 140.   As a separate and affirmative defense, Defendant alleges that the
20 | alleged actions of the Defendant were not accompanied by actual malice, intent or ill
21 | will.

22 | <center>**FIFTH AFFIRMATIVE DEFENSE**</center>

23 | 141.  As a separate, affirmative defense, Defendant alleges that parking debts
24 | are not consumer debts and therefore, not subject to the Fair Debt Collection
25 | Practices Act, the CA Rosenthal Act, or the Fair Credit Reporting Act.

26 | <center>**SIXTH AFFIRMATIVE DEFENSE**</center>

27 | 142.  As a separate, affirmative defense, assuming arguendo that this
28 | Defendant violated a statute alleged in the Complaint, which presupposition the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Defendant denies, such violation was not intentional and resulted from a bona fide
2  error, notwithstanding the maintenance of procedures reasonably adapted to avoid
3  any such error.

4  **SEVENTH AFFIRMATIVE DEFENSE**

5  142.  As a separate, affirmative defense, Defendant alleges that Plaintiff is
6  barred from any recovery against this answering Defendant by the doctrine of
7  laches.

8  **EIGHTH AFFIRMATIVE DEFENSE**

9  143.  As a separate, affirmative defense, Defendant alleges that if Plaintiff
10  was damaged in any sum or sums alleged, which Defendant denies, Plaintiff failed
11  to mitigate damages.

12  **NINTH AFFIRMATIVE DEFENSE**

13  144.  As a separate, affirmative defense, Defendant alleges that it, at all times
14  alleged in the Complaint, maintained reasonable procedures created to prevent any
15  type of intentional violations of the Fair Debt Collection Practices Act.

16  **TENTH AFFIRMATIVE DEFENSE**

17  145.  As a separate, affirmative defense, Defendant alleges that the alleged
18  actions of Defendant were proper and did not violate any provision of California
19  Civil Code § 1788, et seq.

20  **ELEVENTH AFFIRMATIVE DEFENSE**

21  146.  As a separate, affirmative defense, Defendant alleges that the alleged
22  actions of Defendant were proper and did not violate any provision of 15 U.S.C. §
23  1681, et seq.

24  **TWELFTH AFFIRMATIVE DEFENSE**

25  147.  As a separate, affirmative defense, Defendant alleges that the alleged
26  actions of Defendant were proper and did not violate any provision of 47 U.S.C. §
27  227, et seq.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### THIRTEENTH AFFIRMATIVE DEFENSE

148. As a separate, affirmative defense, Defendant alleges that the award of statutory penalties against Defendant would violate the prohibition against excessive fines of the United States Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

149. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, Defendant's alleged acts or omissions were not a proximate cause of said damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

150. As a separate, affirmative defense, Defendant alleges that because Defendant had been assigned a debt owed by Plaintiff at the time it pulled Plaintiff's credit report, it did not violate the FCRA, FDCPA or the Rosenthal Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

151. As a separate, affirmative defense, Defendant alleges that Plaintiff's entire action is barred by the applicable statute of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

152. As a separate, affirmative defense, Defendant alleges that it has exercised due diligence and relied in good faith on the representations of others, and was not aware of, or had no way of becoming aware of, any alleged wrongdoing or omissions allegedly made or not disclosed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

153. As a separate, affirmative defense, Defendant alleges Plaintiff is barred, in whole or in part, from maintaining his alleged causes of action because he consented to receive calls of the type Defendant is alleged to have made.

### NINETEENTH AFFIRMATIVE DEFENSE

154. As a separate, affirmative defense, Defendant alleges that Plaintiff consented to and/or invited the conduct from which he seeks relief.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5688-5018.1

14

DEFENDANT UNION ADJUSTMENT COMPANY, INC.'S ANSWER TO COMPLAINT

1    ## TWENTIETH AFFIRMATIVE DEFENSE

2        155.    As a separate, affirmative defense, Defendant alleges that Plaintiff is

3    estopped from recovering damages from Defendant by his own conduct.

4    ## TWENTIETH-FIRST AFFIRMATIVE DEFENSE

5        156.    As a separate, affirmative defense, Defendant alleges that, at all times,

6    it has complied with all requirements under the relevant statutes and regulations.

7    ## PRAYER

8        Wherefore, Defendant requests:

9        1.    That this Court enter judgment in its favor as to each and every cause

10   of action;

11       2.    To the extent allowed by law, the Court award Defendant its fees and

12   costs; and

13       3.    Such further and other relief as the Court deems appropriate.

14       WHEREFORE, Defendant denies that Plaintiff is entitled to any relief in

15   connection with the allegations contained in his Complaint, including, without

16   limitation, the relief specified in Plaintiff's prayer for relief.

17       To the extent any allegation contained in Plaintiff's Complaint has not been

18   specifically admitted herein, it is hereby denied.  Defendant denies any allegation

19   that may be implied by or inferred from the headings of Plaintiff's Complaint.

20

21   DATED: April 18, 2014          LEWIS BRISBOIS BISGAARD & SMITH LLP

22

23

24                        By:    _/s/ Larissa G. Nefulda_
                                 Stephen H. Turner
25                               Larissa G. Nefulda
                                 Attorneys for Defendant, UNION
26                               ADJUSTMENT COMPANY, INC.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW